Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan and
         Kinser, JJ., and Poff, Senior Justice

JERRY LOUIS COCHRAN

                                          OPINION BY
v.  Record No. 982476          SENIOR JUSTICE RICHARD H. POFF
                                        November 5, 1999
COMMONWEALTH OF VIRGINIA


                 FROM THE COURT OF APPEALS OF VIRGINIA

     We granted this appeal to consider whether the Court of

Appeals of Virginia erred in affirming a trial court's judgment

finding Jerry Louis Cochran guilty of possession of

phencyclidine (PCP) with intent to distribute.  The principal

issue raised by five of six assignments of error is whether, as

Cochran contends, the trial court erred in overruling his motion

"to suppress the evidence of PCP because it was obtained as a

result of an unreasonable seizure of his person in violation of

his Fourth Amendment rights[1] under the United States

Constitution."

     Confirming the jury's verdict, the trial court sentenced

Cochran to a term of seven years in the penitentiary and a fine

of $10,000.00.  The Court of Appeals granted Cochran's appeal

---

     [1] The Amendment provides:

          The right of the people to be secure in their
     persons, houses, papers, and effects, against
     unreasonable searches and seizures, shall not be
     violated, and no warrants shall issue, but upon
     probable cause, supported by oath or affirmation, and

limited to the principal issue. On January 26, 1993, two of the three members of a panel of that Court reversed the conviction on the ground that "appellant discarded the PCP while subject to an illegal seizure". Cochran v. Commonwealth, 15 Va. App. 619, 624, 426 S.E.2d 144, 147 (1993). The panel denied the Commonwealth's request for a rehearing, but by order entered February 25, 1993, the Court of Appeals granted a petition for rehearing en banc and stayed the mandate. By order entered July 13, 1993, an equally divided court sitting en banc affirmed the judgment of the trial court, withdrew the opinion of the three-judge panel, and vacated the mandate dated January 26, 1993. By order entered October 2, 1998 in response to Cochran's habeas corpus petition, this Court awarded Cochran leave to petition for appeal. We granted his petition by order entered April 22, 1999. Finding no error in the decision of the Court of Appeals sitting en banc, we will affirm its judgment.

First, we consider Cochran's sixth assignment of error concerning appellate procedure. Cochran argues on brief that the Court of Appeals "erred in reversing the judgment of a panel . . . because a majority of the judges sitting en banc did not vote to reverse the judgment of the panel". Cochran relies upon

---

particularly describing the place to be searched, and the persons or things to be seized.

2

Code § 17-116.02 (now recodified as § 17.1-402) which provides in pertinent part as follows:

> (D). … The Court sitting en banc shall consider and decide the case and may overrule any previous decision by any panel or of the full Court.

> (E). … In all cases decided by the Court en banc, the concurrence of at least a majority of the judges sitting shall be required to reverse a judgment, in whole or in part.

The language chosen by the General Assembly is plain. The "judgment" subject to reversal "in whole or in part" by a majority of the Court sitting en banc includes the judgment entered by the trial court.[2] Hence, absent a majority vote of the Court of Appeals sitting en banc reversing the judgment of the trial court, that judgment is affirmed.

This Court has reviewed both civil and criminal cases in which the Court of Appeals has applied that interpretation of the statute. See, e.g., White v. White, 257 Va. 139, 143-144, 509 S.E.2d 323, 325 (1999); Granados v. Windson Development Corp., 257 Va. 103, 106, 509 S.E.2d 290, 291 (1999); Husske v. Commonwealth, 252 Va. 203, 206, 476 S.E.2d 920, 921-22 (1996), cert. denied, 519 U.S. 1154 (1997); Lockhart v. Commonwealth, 251 Va. 184, 184, 466 S.E.2d 740, 740 (1996).

---

[2] The panel decision was not a judgment because "the clerk of the Court of Appeals [had not forwarded] its mandate . . . to the clerk of the trial court" as required by Rule 5A:31.

3

The decisions of an equally divided Court of Appeals sitting en banc and applying that interpretation include Stevenson v. Commonwealth, 28 Va. App. 562, 507 S.E.2d 625 (1998)(en banc); Hebden v. Commonwealth, 26 Va. App. 727, 496 S.E.2d 169 (1998)(en banc); Brown v. Commonwealth, 24 Va. App. 1, 480 S.E.2d 112 (1997)(en banc), cert. denied, ___ U.S. ___, 118 S.Ct. 1073 (1998); Carter v. Extra's, Inc., 15 Va. App. 648, 427 S.E.2d 197 (1993)(en banc); McIntosh v. Commonwealth, 15 Va. App. 314, 399 S.E.2d 27 (1990)(en banc); Diehl v. Commonwealth, 10 Va. App. 139, 390 S.E.2d 550 (1990)(en banc).

In the face of these decisions, the General Assembly has not rejected or modified judicial interpretation of the statute in issue. "Under these circumstances, the construction given to the statute is presumed to be sanctioned by the legislature and therefore becomes obligatory upon the courts." Vansant and Gusler, Inc. v. Washington, 245 Va. 356, 361, 429 S.E.2d 31, 33-34 (1993).

Overruling the assignment of procedural error, we turn to the principal question in issue. There is no consequential dispute in the facts relevant to that issue.

Deputy Sheriff Earl D. Chewning, Jr., on patrol in a marked car, was dispatched to a parking lot to meet an unknown person who had called concerning recovery of stolen property. When Chewning arrived at the lot that night, he noticed a car parked

4

near a public telephone booth. The parking lot was well lighted, and Chewning could see the driver standing outside the car and two persons seated inside.

Chewning asked the driver if anyone had called the sheriff's department. Before he received a response, Cochran, the front seat passenger, started to get out of the car. Chewning asked Cochran to remain in the car while he "talked to the driver." The deputy sheriff testified that he did so "[f]or my safety, because I didn't know exactly what was going on at that time." Cochran complied, and Chewning escorted the driver to the rear of the vehicle where he had a better view of the two passengers. As Chewning was talking with the driver, Cochran again opened the door of the car. Chewning instructed him to remain in the car, he complied, and Chewning resumed his conversation with the driver. Almost immediately, Cochran began to get out of the car again.

Chewning testified that "[a]s he got out of the vehicle, he shoved a bluish colored bag up underneath the car and started back towards me." Chewning twice asked for Cochran's name, but Cochran's only response was "urrrr, like that." Cochran was "very wobbly on his feet, his eyes were very watery and red, and his speech was very slurred." Chewning asked Cochran "to turn around and place his hands on top of the roof of the car." Chewning conducted a "pat down" search for weapons. Finding

none, he retrieved the blue bag.  Inside, he found three small plastic bags and a film canister.  Each contained a strong smelling substance which Chewning recognized as likely to be illegal drugs.  He placed Cochran under arrest.

Relying on the Supreme Court's decision in California v. Hodari D., 499 U.S. 621 (1991) and its progeny, including this Court's decision in Woodson v. Commonwealth, 245 Va. 401, 429 S.E.2d 27 (1993), the Commonwealth contends that the trial court correctly found that Cochran "abandoned the bag containing the illegal drugs prior to any seizure of his person."  We agree.

As this Court made clear in Woodson, it must first be determined "when [the defendant] was 'seized' within the meaning of the Fourth Amendment."  Id. at 404, 429 S.E.2d at 29.  "[A] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."  United States v. Mendenhall, 446 U.S. 544, 554 (1980).  This test is not applicable until the person submits to the officer's show of authority.  Woodson, 245 Va. at 404-05, 429 S.E.2d at 29.

In our view, as evidenced by Cochran's repeated attempts to get out of the car, he did not submit to Deputy Chewning's authority until after he had attempted to hide the bag under the

6

car, Chewning had identified its contents, and Cochran had been searched for weapons and placed under arrest.

Finding no merit in the assignments of error, we will affirm the judgment of the Court of Appeals affirming the judgment of the trial court.

<u>Affirmed</u>.