SENIOR JUSTICE COMPTON
delivered the opinion of the Court.
In this habeas corpus appeal, the dispositive question is whether the trial court correctly ruled that a prisoner’s second petition for a writ of habeas corpus was procedurally barred under Code § 8.01-654(B)(2), which controls the filing of successive habeas petitions.
On March 13, 1987, appellant Micah Laval Dorsey was sentenced to a total of 55 years’ confinement for convictions of five felonies. He did not appeal the judgment.
On November 15, 1993, the prisoner filed in the original jurisdiction of this Court a petition for a writ of habeas corpus. The sole ground for relief was a claim that he was being denied “the proper amount of goodtime credits affecting his initial discretionary parole eligibility date.”
On January 20, 1994, this Court granted the petitioner’s motion for leave “to withdraw the petition for writ of habeas corpus” and *603 ordered that “the same is considered withdrawn and the rule discharged.”
On June 10, 1999, the prisoner filed a second habeas petition, this time in the trial court, naming the appellee as respondent. In that petition, he assigned seven grounds for relief. One ground alleged denial of the right of appeal due to attorney error, and the remaining six grounds alleged denial of effective assistance of counsel, for various reasons.
In a motion to dismiss on behalf of the respondent, the Attorney General contended the habeas petition was procedurally barred by Code § 8.01-654(B)(2). He argued that when a prisoner has been granted leave to withdraw a habeas petition, any subsequent petition filed by the prisoner must be limited to the claims raised in the first petition. Alternatively, the Attorney General alleged there was no merit to the petitioner’s substantive allegations.
Following receipt of affidavits addressed to the substantive claims and following argument of counsel, the trial court denied the habeas petition. The court ruled that the petition was procedurally barred and that the substantive claims had no merit. We awarded the prisoner this appeal from the trial court’s December 1999 order dismissing the petition.
On appeal, the prisoner contends the trial court erred by dismissing the petition as a second or subsequent petition when the initial petition “merely challenged Dorsey’s time computation, and was voluntarily withdrawn.” The prisoner also contends the trial court erred in dismissing his substantive claims.
We disagree with the prisoner on the procedural issue. Thus, we do not reach the substantive questions.
Code § 8.01-654(B)(2) provides:
“[A petition for habeas corpus] shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on die basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.”
The statutory language is plain and unambiguous, clearly limiting the right of a prisoner to file successive petitions for writs of habeas corpus. The key provisions of this statutory language focus on “the time of filing” the first habeas petition.
*604 The statutory language could not be more explicit; it means what it says. At the time of filing the initial petition, the prisoner must include “all” claims the facts of which are known to the prisoner. And, no habeas relief will be granted based upon “any” allegation the facts of which the prisoner had knowledge at the time of filing any previous petition.
In this case, the significant facts are that the prisoner filed a prior habeas petition that was withdrawn pursuant to his motion. The prior petition only challenged the computation of goodtime credits relating to his March 1987 felony sentences.
In the present petition, the prisoner does not attack again the time computation. Instead, he mounts seven new challenges to his detention, the facts of which he is bound to have had knowledge “at the time of filing” the first petition.
Code § 8.01-654(B)(2) bars this subsequent habeas petition raising new claims relating to the March 1987 judgment that never were raised in the prior petition. Because the prior petition was voluntarily withdrawn, the prisoner was entitled to file another petition. However, that second petition was required to have been limited to the ground assigned in the first petition and could not include new and different allegations relating to the March 1987 judgment.
Consequently, we hold that the trial court did not err in dismissing the present habeas petition as procedurally barred, and the judgment below will be

Affirmed.