Present:  All the Justices

TRAVIS EUGENE DANIELS, NO. 304441

v.  Record No. 022195                         PER CURIAM
                                          October 31, 2003
WARDEN OF THE RED ONION STATE PRISON

             UPON A PETITION FOR A WRIT OF HABEAS CORPUS

     In this habeas corpus case, Travis Eugene Daniels, the

petitioner, previously filed a petition for a writ of habeas

corpus in the trial court in which he was convicted of various

felony offenses and sentenced to a period of incarceration of 33

years in prison.  Prior to a consideration of the merits of that

petition, the trial court entered an order of nonsuit at

Daniels' request and dismissed that petition.[1]  On September 23,

2002, invoking the original jurisdiction of this Court, Daniels

filed a petition for a writ of habeas corpus against the Warden

of the Red Onion State Prison, challenging the legality of his

convictions in the trial court.  The dispositive issue before us

is whether this petition is procedurally barred by the provision

of Code § 8.01-654(B)(2) that "[n]o writ shall be granted on the

basis of any allegation the facts of which petitioner had

knowledge at the time of filing any previous petition."  See

_____

     [1] Daniels also filed a habeas petition in the United States
District Court for the Eastern District of Virginia, which
subsequently was dismissed at his request.  The fact of the
federal court habeas petition does not impinge upon our analysis
of this case.

Dorsey v. Angelone, 261 Va. 601, 604, 544 S.E.2d 350, 352 (2001), cert. denied, 534 U.S. 924 (2001)(holding that a habeas petition that was "withdrawn" by the petitioner barred the filing of a subsequent petition).

Daniels does not dispute that his initial habeas petition, which asserted a generalized claim of ineffective assistance of counsel, contained inadequate allegations of fact to support the specific issues he now raises in his current petition to this Court. Rather, Daniels contends that dismissal of his habeas petition is not warranted because the nonsuit of his first habeas petition did not invoke the bar of Code § 8.01-654(B)(2). Daniels notes that unlike the "withdrawal" of the habeas petition in Dorsey, the dismissal of his prior habeas petition by nonsuit was pursuant to the statutory right provided by Code § 8.01-380. Thus, Daniels contends that, as would be permitted in any other civil case, he is entitled to commence a new proceeding on the same cause without limitation on the introduction of new claims and allegations of fact.[2] This is so,

---

[2] Challenging the rationale of Dorsey, Daniels also contends that a proper interpretation of Code § 8.01-654(B)(2) would bar the filing of a subsequent habeas petition only where there had been a decision on the merits of a prior petition, and he urges this Court to reconsider the holding in Dorsey and overturn that decision. Since the decision in Dorsey was announced, the General Assembly has met twice in regular session and has not acted to amend Code § 8.01-654 to alter our decision in that case. "'Under these circumstances, the construction given to the statute is presumed to be sanctioned by the legislature and

2

he asserts, because "[a] nonsuit does not involve a decision on the merits, rather it 'simply [puts] an end to the present action, but is no bar to a subsequent action for the same cause.' " Sheets v. Castle, 263 Va. 407, 413, 559 S.E.2d 616, 620 (2002) (quoting Payne v. Buena Vista Extract Co., 124 Va. 296, 311, 98 S.E. 34, 39 (1919)).

The Attorney General, on behalf of the Warden, responds that, for purposes of resolving the successive petitions issue in this case, the holding of Dorsey controls. The Attorney General asserts that there is no significant distinction between a habeas petition which is "withdrawn" on the petitioner's motion and one which is the subject of a voluntary nonsuit by the petitioner. We agree with the Attorney General.

In Dorsey, we held that:

> The statutory language [of Code § 8.01-654(B)(2)] is plain and unambiguous, clearly limiting the right of a prisoner to file successive petitions for writs of habeas corpus. The key provisions of this statutory language focus on "the time of filing" the first habeas petition.
>
> The statutory language could not be more explicit; it means what it says. At the time of filing the initial petition, the prisoner must include "all" claims the facts of which are known to the prisoner. And, no habeas relief will be granted based

therefore becomes obligatory upon the courts.'" Cochran v. Commonwealth, 258 Va. 604, 607, 521 S.E.2d 287, 289 (1999), cert. denied, 529 U.S. 1075 (2000) (quoting Vansant and Gusler, Inc. v. Washington, 245 Va. 356, 361, 429 S.E.2d 31, 33-34 (1993)). Accordingly, we decline Daniels' invitation that we revisit our decision in Dorsey.

3

> upon "any" allegation the facts of which the prisoner had knowledge at the time of filing any previous petition.

*Dorsey*, 261 Va. at 603-04, 544 S.E.2d at 352.

Daniels correctly contends that generally the effect of a first voluntary nonsuit pursuant to Code § 8.01-380 is to put an end to a case without prejudice and without a decision on the merits, and the fact of the former suit places no impediment on the claims or allegations that may be raised in a timely filed subsequent action on the same cause. However, Code § 8.01-380 is a statute of general application for all civil cases. By contrast, Code § 8.01-654 is a specific statute, narrow in scope, applying only to petitions for writs of habeas corpus.

To the extent that these code sections can be said to be facially in conflict in the context of the present case, our resolution of that conflict is guided by a well established rule. "The rule is that 'when one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails.'" *Thomas v. Commonwealth*, 244 Va. 1, 22-23, 419 S.E.2d 606, 618 (1992) (quoting *Virginia National Bank v. Harris*, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979)).

Applying this rule and the rationale of *Dorsey* that "the key provisions of [Code § 8.01-654(B)(2)] focus on 'the time of

4

filing' the first habeas petition" and that at "the time of filing the initial petition, the prisoner must include 'all' claims the facts of which are known to the prisoner," the provisions of Code § 8.01-654(B)(2) and those of Code § 8.01-380 may be readily harmonized.  Simply put, the provisions of Code § 8.01-654(B)(2) require a prisoner to include all claims that he intends to bring before the court in his first habeas petition.  Regardless of the manner in which that habeas petition is resolved, he may not thereafter file a subsequent habeas petition that seeks relief based upon any allegations of fact that were known to him at the time of the initial filing and not included therein.  Accordingly, Code § 8.01-654(B)(2) does not conflict with a prisoner's right to seek a nonsuit under Code § 8.01-380, but having elected to take a nonsuit under the latter statute, the former statute bars him from raising in a subsequent petition those issues which he knew of and could have raised in the first petition, but failed to assert.

In this case, the allegations of fact that form the basis of his claims challenging the legality of his convictions unquestionably were known to Daniels at the time he filed his first habeas petition in the trial court, but were not raised therein.  Accordingly, Daniels' petition for a writ of habeas corpus will be dismissed.

                                                    <u>Dismissed</u>.