**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-7557

AQUIL KHREE WIGGINS,

Petitioner - Appellant,

versus

VIRGINIA DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, District Judge.  (CA-03-1524-1-TSE)

Submitted:  May 19, 2006          Decided:  July 18, 2006

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Aquil Khree Wiggins, Appellant Pro Se.  Donald Eldridge Jeffrey, III, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Aquil Khree Wiggins seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C. § 2254 (2000). An appeal may not be taken from the final order in a § 2254 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of his constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Wiggins has not made the requisite showing.

Accordingly, we deny Wiggins' motions for appointment of counsel, to amend pleadings,* and for a certificate of

---

*In his motion to amend pleadings, Wiggins argues that Va. Code Ann. § 8.01-654(B)(2) was recently amended, and now provides that "[t]he provisions of this section shall not apply to a petitioner's first petition for a writ of habeas corpus when the sole allegation of such petition is that the petitioner was deprived of the right to pursue an appeal from a final judgment of conviction." See Va. Legis. Serv. 836 (West 2005). Wiggins argues that under the amended statute, his claims are not procedurally barred because his first petition only alleged that he was deprived

appealability, and we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

of his right to appeal.  The amendment was approved on March 26, 2005, and went into effect on July 1, 2005.  The state refused Wiggins' second petition on June 10, 2003.  The amended statute does not provide that it applies retroactively, nor has the state supreme court ruled that it applies retroactively.  Moreover, we must defer to the state court's application of its procedural bar rules.  See Ashe v. Sykes, 39 F.3d 80, 86 (4th Cir. 1994).  This claim is accordingly meritless.