## CIRCUIT COURT OF CAMPBELL COUNTY

Christopher G. Henderson

v.

Gene M. Johnson,
Director of the
Virginia Department
of Corrections

Case No. CL06000274-00

By Judge J. Michael Gamble

August 24, 2007

    I am writing this letter to rule on the motion of the petitioner for limited discovery. In his motion, the petitioner seeks to depose Joseph A. Sanzone, trial counsel for petitioner, and issue a subpoena *duces tecum* for file material in the possession of Mr. Sanzone. It is my understanding that the parties have resolved the matter of the deposition of Mr. Sanzone together with the subpoena *duces tecum*. Therefore, I will not address that issue.

    Additionally, petitioner seeks to take the deposition of Shannon Hargis, the complaining witness and the alleged victim in this case. In this regard, I deny the motion to take the deposition of Shannon Hargis.

    Rule 4:1(a)(5) provides that there shall be no discovery in a proceeding for writ of habeas corpus without prior leave of court. There are sound reasons for this restrictive discovery rule. It is easy to foresee that a defendant could

use the discovery rules in a habeas corpus proceeding to either harass witnesses or undertake a fishing expedition to discover post-trial evidence. The rules for discovery in criminal cases are very limited. See Rule 3A:11. Beyond the rule of court, it has been held that there is no general constitutional right to discovery in criminal cases. *Spencer v. Commonwealth*, 238 Va. 295, 303-04, 384 S.E.2d 785 (1989); *Martinez v. Commonwealth*, 42 Va. App. 9, 26, 590 S.E.2d 57 (2003). The due process clause only requires that the prosecution disclose exculpatory evidence that is material to either guilt or punishment. *Lowe v. Commonwealth*, 218 Va. 670, 679, 239 S.E.2d 112 (1977). Evidence is exculpatory if it is favorable to the accused and material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." A "reasonable probability" is probability sufficient to undermine the confidence in the outcome of the trial. *Taitano v. Commonwealth*, 4 Va. App. 342, 349, 358 S.E.2d 590 (1987) (quoting *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)).

The petition for writ of habeas corpus alleges that the petitioner is entitled to habeas corpus relief on the grounds of ineffective assistance of counsel and suppression of evidence by the Commonwealth. The testimony of Shannon Hargis has little to do with the ineffective assistance of counsel claim. The ineffective assistance of counsel allegations revolve around the failure of trial counsel to object to certain statements by the court at the time the petitioner was found guilty. Thus, there is no need for a deposition of Shannon Hargis on the ineffective assistance claim.

Under the suppression of evidence claim, petitioner asserts that Shannon Hargis relayed to one Leroy Adams, a friend of both Hargis and the petitioner, instructions by the prosecution telling "Adams to stay away from the case because his testimony might help the petitioner and hurt Hargis." P. 12 of Petition. The deposition of Leroy Adams, however, does not assert that the prosecution instructed him to stay away from the case. On page 17 of his deposition, he testifies as follows:

> Q. Did you ever attempt to contact the police yourself to tell them what you knew?
> A. No. Shannon told me that they had told her that it was the best thing if I stayed out of it.

Nothing in the response of Leroy Adams indicates that the prosecution attempted to suppress evidence. Certainly, suppression of evidence can be the grounds for habeas corpus relief. *Epperly v. Booker*, 235 Va. 35, 41-43, 366

S.E.2d 62 (1988). In this case, however, there is no tangible evidence that the prosecution directed the suppression of evidence and there is only a vague reference through a third party, Hargis, that the police told Leroy Adams to stay away from the case.

The petitioner maintains that, if Leroy Adams had testified, the testimony of Shannon Hargis about the events surrounding the unlawful wounding would not be have been credible.

As noted above, in order for the suppression of exculpatory evidence to be the grounds for a new trial it must be both material and there must be reasonable probability that the result of the proceeding would have been different. *Martinez*, 42 Va. App. at 26. In his ruling on guilt or innocence, the trial judge expressed his reservations about the creditability of Shannon Hargis. It is noted by Judge Johnston, "[S]he lied constantly about what happened, there is no question, openly and obviously to many people." Trial Transcript, p. 67. Nonetheless, the trial judge found the petitioner guilty of unlawful wounding.

Accordingly, even if the information that could have been provided by Leroy Adams was exculpatory material that was relevant to guilt or punishment, there is no reasonable probability that, had it been disclosed, the result of the proceeding would have been different. *Epperly*, 235 Va. at 41. Accordingly, and from the evidence, it appears that whatever information Leroy Adams would have provided would have merely been cumulative on the issue of creditability of Shannon Hargis. It would not have changed the outcome of the case. Accordingly, the deposition of Shannon Hargis will not be granted.

October 19, 2007

I am writing this letter to rule on the motion to dismiss filed by the respondent in this case. In this regard, the motion to dismiss is granted.

The petitioner has filed this petition for a writ of habeas corpus attacking the validity of his conviction of unlawful wounding in the Campbell County Circuit Court. Pursuant to a judgment of this court on October 2, 2002, he was sentenced to a term in prison of five years.

The petition for writ of habeas corpus alleges that the petitioner was denied effective assistance of counsel on a number of grounds. These grounds will be discussed more extensively below. However, the respondent maintains as a threshold matter this case is procedurally defaulted because the petitioner did not raise the allegations in this petition when he filed his initial habeas corpus petition in 2003. Va. Code § 8.01-654(B)(2) in effect in 2003 required

that a petitioner raise all allegations in his initial habeas corpus petition which were known or reasonably available to him at the time it was filed. In his initial habeas corpus petition, the petitioner was only seeking a delayed appeal. No other allegations were made at that time.

Eventually, the Supreme Court of Virginia granted the delayed appeal. The petitioner filed his delayed appeal in the Virginia Court of Appeals, and by orders dated February 3, 2005, and May 6, 2005, the appeal was denied. Thereafter, he appealed to the Virginia Supreme Court and on October 3, 2005, the Virginia Supreme Court denied the appeal. Within one year after the date the Supreme Court of Virginia denied his petition for appeal, he filed this petition for writ of habeas corpus making the ineffective assistance of counsel claims that were not made in the 2003 petition for writ of habeas corpus.

Effective July 1, 2005, Va. Code § 8.01-654(B)(2) was amended to provide that the statute "shall not apply to a petitioner's first petition for writ of habeas corpus when the sole allegation in such petition is that the petitioner was deprived of the right to pursue an appeal from a final judgment of conviction." The petitioner maintains that the 2005 amendment abrogated his duty to set forth all of his allegations in the original petition for writ of habeas corpus filed in 2003. The respondent maintains that this amendment is not applicable to a habeas corpus petition filed prior to July 1, 2005.

As of the date of this opinion, the Supreme Court of Virginia has not ruled directly on this issue. Accordingly, the court must look to cases construing the retroactive application of statutes. As a general rule, courts do not look with favor upon retroactive or retrospective laws. Further, a statute is always to be construed as operating prospectively, unless a contrary intent is manifest. *Bain v. Boykin*, 180 Va. 259, 265, 23 S.E.2d 127 (1942). As stated by the Supreme Court of Virginia, "statutes are to be construed as prospective in their creation, unless the language plainly shows the intention of the legislature that they should have retrospective effect." *Town of Danville v. Pace*, 66 Va. (25 Gratt.) 1, 3 (1874).

A review of Va. Code § 8.01-654(B)(2) does not disclose any intent by the General Assembly for the 2005 amendment to have any retroactive or retrospective effect. In *Wiggins v. Virginia Dept. of Corrections*, 190 Fed. Appx. 295, 296 (4th Cir. 2006), the United States Court of Appeals for the Fourth Circuit agreed with this analysis. Therein, the court noted in a footnote to the opinion that the amended § 8.01-654(B)(2) "does not provide that it applies retroactively, nor has the Supreme Court ruled that it applies retroactively." *Id.*, at 296.

Utilizing this statutory construction, the 2005 amendment cannot be applied retroactively. The Supreme Court of Virginia has specifically held that § 8.01-654(B)(2) bars a subsequent habeas corpus petition raising new claims that were never raised in a prior petition. *Dorsey v. Angelone*, 261 Va. 601, 604, 544 S.E.2d 350 (2001). As noted by the Court, this "statutory language is plain and unambiguous, clearly limiting the right of a petitioner to file successive petitions for writs of habeas corpus. . . . The statutory language could not be more explicit; it means what it says." *Dorsey*, 261 Va. at 603-04. The provisions of § 8.01-654(B)(2) that applied at the time of the 2003 habeas corpus petition required that the petition contain all facts known to the petitioner at the time of filing. Further, it provided that no writ shall be granted on the basis of any facts which the petitioner has knowledge at the time of filing any previous petition.

This clearly disqualifies the court from considering Ground I of the petition for writ of habeas corpus. Under Ground I, the petitioner complains that his trial counsel did not object to the court stating that it may find the defendant of an assault and battery at sentencing, and that the court did not think that the petitioner intended to break her hip. These are certainly matters that were within the knowledge of the petitioner at the time that he filed his petition in 2003. Thus, they cannot be considered at this time.

Under Ground II, the petitioner maintains that counsel failed to provide him with effective assistance when counsel failed to call Leroy Adams as a witness in the case and that the Commonwealth suppressed evidence. The failure of trial counsel to call Leroy Adams as a witness for the petitioner is not the fault of trial counsel. Petitioner failed to tell his trial counsel that Leroy Adams was a witness he wanted to testify in the case. In his plea colloquy with the court, petitioner indicated that all of his witnesses were in court. Thus, the failure to call Leroy Adams was a matter within the knowledge of the petitioner at the time that he filed his initial habeas corpus petition in 2003. Accordingly, this is also barred for consideration in this habeas corpus petition.

Next, the petitioner asserts that the Commonwealth engaged in misconduct by telling Leroy Adams to stay away from the case. The deposition of Adams and the allegations do not state clearly when the petitioner maintains that he found out that Adams was a material witness. Nonetheless, it is established that Adams was a friend of the petitioner, and he certainly could have developed any information, through Adams, his good friend, prior to the time that he filed the 2003 habeas corpus petition. Accordingly, I find that this is information he reasonably knew about or could have discovered in 2003 and is barred from consideration because it was not in the initial petition.

Next, applying the two-part test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the habeas corpus claims of the petitioner are not sufficient. Under the *Strickland* test, a habeas petitioner must demonstrate that his lawyer's representation was objectively unreasonable and that he was prejudiced by counsel's errors. *Strickland*, 466 U.S. at 693.

Under Ground I, a review of the record indicates that trial counsel's failure to object to the judge's statements is not objectively unreasonable. The petitioner's argument that his trial counsel's failure to object when the judge said he did not have the specific intent to injure her hip misperceives the law. In unlawful wounding, there is no requirement of a specific intent to inflict the specific injury; there merely must be a general intent to do an act that may cause harm. *David v. Commonwealth*, 2 Va. App. 1, 4, 340 S.E.2d 576 (1986). Further, the failure to object when the court indicated that it might to reduce the case to an assault and battery was simply a strategic decision of counsel. Under the facts of this case, trial counsel would certainly be happy if the court reduced the offense. It would not make sense to object. As noted by the Supreme Court in *Strickland*, the court should apply "a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691.

Under the second requirement of *Strickland*, that counsel's errors actually had an adverse effect on the defense, the petitioner must establish a reasonable probability that the result would have been different. *Strickland*, 466 U.S. at 694. A review of the record indicates that the result of the proceeding would have been the same. There was no dispute in the evidence that the petitioner pushed Ms. Hargis, the victim. This is a sufficient general intent. As noted above, there is no requirement that there be a specific intent to cause the specific injury.

Further, had counsel objected to the court's consideration of assault and battery, a possible better outcome for the petitioner may have been denied. This would have been the adverse outcome rather than the converse.

I will now consider Ground II under the *Strickland* test. First, the court cannot find that trial counsel's failure to call Adams as a witness was unreasonable when the petitioner never informed counsel that he wanted to call Adams as a witness or that Adams was a material witness. Further, even if it could be construed that trial counsel should have made Adams a witness at the trial, the failure to call Adams would not have had a legally adverse effect on the defense. The trial judge, when rendering judgment on guilt or innocence, took into account the credibility of the victim. Notwithstanding these credibility issues, the trial judge found that there was sufficient evidence to find the defendant guilty of unlawful wounding. The defendant admitted at

trial that he pushed the victim and he told his father that he had pushed the victim. Thus, there was clear evidence that assaultive behavior occurred that amounted to an unlawful wounding.

Next, petitioner maintains that representatives of the Commonwealth suppressed the testimony of Adams. Suppression of evidence can be grounds for habeas corpus relief. *Epperly v. Booker,* 235 Va. 35, 41-43, 366 S.E.2d 62 (1988). However, there is no evidence that the Commonwealth or her representatives directed Adams to stay away from the case and/or not testify in the case. The *only* evidence is his vague statement made in a deposition taken four years after the trial that "Shannon told me that they told her that it was the best thing if I stayed out of it." There is nothing in this statement that gives any credible indication that the Commonwealth or her representatives directed him to stay out of the case. The record is clear that Adams was a close friend of the petitioner. Adams was even mentioned in the testimony of petitioner's father at the trial. He was available; the petitioner could have summonsed him; and he could have testified. The vague testimony of Adams four years subsequent to the trial is not sufficient to grant the petition.

Accordingly, I sustain the motion to dismiss and the petition for writ of habeas corpus is dismissed.