COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Kelsey and Chafin
Argued by teleconference

UNPUBLISHED

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.        Record No. 2055-12-2        CHIEF JUDGE WALTER S. FELTON, JR.
APRIL 16, 2013

CARLOS B. HICKMAN

FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
Gordon F. Willis, Judge

Donald E. Jeffrey, III, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on briefs), for appellant.

Amy E. Thorpe, Assistant Public Defender (Office of the Public
Defender, on brief), for appellee.

Pursuant to Code § 19.2-398(A)(2), the Commonwealth appeals the pretrial order of the

Circuit Court of the City of Fredericksburg ("trial court") granting Carlos B. Hickman's

("appellee") motion to suppress evidence of marijuana and cocaine found on his person incident to

his arrest.  The Commonwealth contends the trial court erred by finding that, because National

Park Service Officer Michael D. Smith harbored a subjective intent to stop appellee's vehicle

merely to identify him, rather than to investigate a traffic violation, the evidence of marijuana

and cocaine Officer Smith found on his person incident to his arrest must be suppressed.

I.  BACKGROUND

On February 9, 2011, around 3:30 p.m., Officer Smith observed appellee's vehicle as he

traveled east on Route 3 in the City of Fredericksburg.[1]  Appellee's vehicle "caught [Officer

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Officer Smith was driving a white, unmarked patrol vehicle at the time.  The vehicle
was outfitted with blue halogen lights on the rear deck, headlights that flashed when the

Smith's] attention" because of "a couple of minor vehicle infractions, lane changes without turn signals," as well as a "less than steady speed on Route 3 when there didn't appear to be any reason for it." Officer Smith used the radio in his vehicle to contact the dispatcher for the City of Fredericksburg Police Department, and asked the dispatcher to determine to whom the vehicle was registered. The dispatcher gave Officer Smith the name of the woman to whom the vehicle was registered, and the parties disconnected.

At 3:40 p.m., ten minutes after he first observed appellee's car on Route 3, Officer Smith again contacted the Fredericksburg Police Department dispatcher. He told the dispatcher that he had activated the emergency lights and siren on his vehicle, that he was pursuing appellee's car, and that appellee was "running like hell." He told the dispatcher that he believed the driver of the vehicle he was following was a murder suspect and that he wanted to stop the vehicle to identify the driver.[2] Appellee did not slow or stop his vehicle in response to the emergency lights and siren.

Officer Smith continued to engage in his pursuit of appellee's vehicle. He observed appellee commit numerous traffic infractions, including driving at an excessive rate of speed, driving on the shoulder of the highway, cutting off other vehicles, and making unsafe lane changes. Officer Smith testified that, "[h]ad people not been respecting my lights and siren[] . . . I would have had to discontinue pursuit because the speeds were just too high and he was driving too unsafely."[3]

emergency lights were activated, a spotlight on the driver's side of the vehicle, and a siren. Officer Smith noticed that appellee "seemed to be avoiding being near [Smith's] vehicle in traffic." He explained that "[i]t appeared as if when [appellee] got a chance to get away -- to move further from [Smith's] vehicle," that appellee made "unsafe lane changes."

[2] On February 7, 2011, two days before he observed appellee's vehicle on Route 3 in Fredericksburg, Officer Smith received an alert from his supervisor to "be on the lookout" for Marcus Johnson, a man suspected of committing murder in Spotsylvania County on January 16, 2011. In the photos accompanying the alert, which Officer Smith carried in his patrol vehicle, Johnson was pictured with his hair in braids. At the time of his arrest on February 9, 2011, appellee also wore his hair in braids.

[3] At some point, Officer Smith asked the Fredericksburg Police Department dispatcher to determine whether the department wished for him to discontinue his pursuit. The dispatcher

- 2 -

After driving through a residential area at a high rate of speed, appellee stopped his vehicle near several sets of railroad tracks. He departed his vehicle and briskly walked toward Officer Smith with his hand under his sweat jacket, causing the officer to believe that he might be reaching for a weapon. As Officer Smith fumbled with his seat belt to get out of the car, appellee "decided to turn and run across the railroad tracks." Officer Smith pursued appellee on foot for approximately three minutes before appellee "slowed to a walk." With his weapon drawn, Officer Smith commanded appellee to "lay on the ground now." Officer Smith placed appellee under arrest. During his search of appellee incident to his arrest, Officer Smith discovered marijuana, cocaine, and a large quantity of cash on appellee's person.[4]

At the hearing on appellee's motion to suppress evidence of the marijuana and cocaine found on his person, appellee asserted that Officer Smith lacked reasonable, articulable suspicion to believe that he was involved in criminal activity at the time the officer began following his vehicle. He contended that, because Officer Smith lacked reasonable cause to stop his vehicle, any evidence discovered as a result of his later arrest must be suppressed. The Commonwealth contended that, whether or not Officer Smith initially had reasonable cause to stop appellee's vehicle, he had probable cause to arrest appellee once he saw him commit numerous traffic offenses, including reckless driving and failure to stop in response to the emergency equipment operating on the police vehicle. The Commonwealth contended that the search incident to appellee's arrest was lawful and

---

instructed Officer Smith to "wait," without further explanation, but did not advise him whether the Fredericksburg Police Department wanted him to stop pursuing appellee.

[4] A grand jury indicted appellee for possession with intent to distribute cocaine, in violation of Code § 18.2-248; possession with intent to distribute marijuana, in violation of Code § 18.2-248.1; eluding law enforcement so as to interfere with or endanger the operation of a law enforcement vehicle or endanger a person, in violation of Code § 46.2-817(B); and attempting to escape or elude a law enforcement officer, in violation of Code § 46.2-817(A).

that the evidence of marijuana and cocaine Officer Smith found on his person should not be suppressed.

The trial court found that Officer Smith unlawfully seized appellee because he only had a "hunch" that appellee was murder suspect Marcus Johnson. It found that Officer Smith "was very clear that everything that occurred . . . had to do with his attempting to stop [appellee] to identify him. Not to perform any traffic stop or for any traffic violation, whether it be minor or serious." The trial court found that Officer Smith specifically told the Fredericksburg Police Department dispatcher that he was trying to stop appellee only to determine whether he was Marcus Johnson, a person wanted for murder. The trial court concluded, "I think the motion to suppress is well-founded, because to argue [Officer Smith] was doing anything other than [trying] to stop [appellee] to identify him would almost be pretextual because at no point did [Officer Smith] testify to or state that he was stopping [appellee] for any traffic violation." Accordingly, the trial court granted appellee's motion to suppress the evidence of the marijuana and cocaine found by Officer Smith in a search incident to appellee's arrest.

## II.  ANALYSIS

The Commonwealth contends the trial court erred by finding that, because Officer Smith harbored only a subjective intent to stop appellee's vehicle to determine if he was a person wanted for murder, rather than to investigate a traffic violation, the evidence of marijuana and cocaine Officer Smith found on his person incident to his arrest must be suppressed.

> In an appeal by the Commonwealth of an order of the trial court
> suppressing evidence, the evidence must be viewed in the light
> most favorable to the defendant and findings of fact are entitled to
> a presumption of correctness unless they are plainly wrong or
> without evidence to support them.

Commonwealth v. Peterson, 15 Va. App. 486, 487, 424 S.E.2d 722, 723 (1992).  However, "we review *de novo* the trial court's application of defined legal standards such as probable cause and

- 4 -

reasonable suspicion to the particular facts of the case." Cherry v. Commonwealth, 44 Va. App. 347, 356, 605 S.E.2d 297, 301 (2004).

It is well established in our jurisprudence that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." Whren v. United States, 517 U.S. 806, 813 (1996). An officer's "action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, 'as long as the circumstances, viewed *objectively*, justify [the] action.'" Brigham City v. Stuart, 547 U.S. 398, 404 (2006) (emphasis added) (quoting Scott v. United States, 436 U.S. 128, 138 (1978)). As this Court stated in Armstead v. Commonwealth, 56 Va. App. 569, 695 S.E.2d 561 (2010):

> [F]aced with a suppression motion, a court should not limit itself "to what the stopping officer says or to evidence of his subjective rationale," Raab v. Commonwealth, 50 Va. App. 577, 583 n.2, 652 S.E.2d 144, 148 n.2 (2007) (*en banc*) (citation omitted), but should look instead to what a reasonable, objective officer could have concluded from the totality of the circumstances. "Just as a subjective belief by the arresting officer would not establish probable cause where none existed, a subjective belief by the arresting officer cannot destroy probable cause where it exists." United States v. Anderson, 923 F.2d 450, 457 (6th Cir. 1991); cf. Jones v. Commonwealth, 279 Va. 665, 673, 691 S.E.2d 801, 805 (2010) (holding an "officer's subjective characterization of observed conduct is not relevant to a court's analysis concerning whether there is a reasonable suspicion because the Court's review of whether there was reasonable suspicion involves application of an objective rather than a subjective standard" (citation omitted)).

Id. at 579 n.7, 695 S.E.2d at 565 n.7.

Here, Officer Smith testified that appellee's vehicle initially "caught [his] attention" because he witnessed the driver commit several unlawful acts, including changing lanes without using his turn signal, in violation of Code § 46.2-860, and failing to maintain a consistent speed on the highway. These infractions, witnessed by Officer Smith, provided an objectively reasonable basis for him to conduct an investigatory stop of appellee's vehicle. See McCain v. Commonwealth, 275 Va. 546, 553, 659 S.E.2d 512, 516 (2008) (an officer may lawfully stop a

- 5 -

vehicle "when he has reasonable suspicion to believe a traffic or equipment violation has occurred"); Shifflett v. Commonwealth, 58 Va. App. 732, 735, 716 S.E.2d 132, 134 (2011) ("[A] mere investigatory stop requires only a 'reasonable suspicion' that unlawful activity 'may be afoot.'" (quoting United States v. Arvizu, 534 U.S. 226, 273 (2002))).

Accordingly, it is irrelevant under these circumstances that Officer Smith intended to stop appellee's vehicle for the purpose of determining if he was a person wanted for murder. Appellee's commission of several traffic infractions provided Officer Smith an objectively reasonable basis to conduct an investigatory stop of his vehicle, and his continual unlawful conduct gave Officer Smith probable cause to arrest him.[5] The trial court erred by suppressing the evidence of marijuana and cocaine found on appellee's person on the grounds that Officer Smith's subjective intent to identify appellee was unreasonable.[6]

For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

---

[5] Even assuming, without deciding, that Officer Smith lacked reasonable cause to pursue appellee's vehicle when he first encountered appellee on the highway, we agree with the Commonwealth that Officer Smith had probable cause to arrest appellee after witnessing him commit new offenses and that the search of appellee incident to his arrest was lawful. See Testa v. Commonwealth, 55 Va. App. 275, 283, 685 S.E.2d 213, 216-17 (2009) ("'[T]he overwhelming weight of authority on this issue' makes clear that 'if a person engages in new and distinct criminal acts' during an allegedly unlawful police encounter, 'the exclusionary rule does not apply, and evidence of the events constituting the new criminal activity, including testimony describing the defendant's own actions, is admissible.'" (quoting Brown v. City of Danville, 44 Va. App. 586, 600, 606 S.E.2d 523, 530 (2004))).

[6] Given our holding, we need not address the trial court's apparent assumption that a seizure took place (thus requiring a showing of reasonable suspicion or probable cause) while appellee attempted to flee the pursuing officer. See generally California v. Hodari D., 499 U.S. 621 (1991); Cochran v. Commonwealth, 258 Va. 604, 521 S.E.2d 287 (1999); Beasley v. Commonwealth, 60 Va. App. 381, 728 S.E.2d 499 (2012).