COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Huff and Lorish
Argued at Norfolk, Virginia

BRINEATAY BROWNSON

v.      Record No. 0988-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE GLEN A. HUFF
MAY 16, 2023

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Michelle J. Atkins, Judge[1]

J. Barry McCracken, Assistant Public Defender, for appellant.

Angelique Rogers, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a conditional guilty plea, the Norfolk Circuit Court ("the trial court") convicted

Brineatay Brownson ("appellant") of carrying a concealed weapon (second offense), in violation of

Code § 18.2-308, and obstruction of justice, in violation of Code § 18.2-460. Appellant's guilty

plea was conditioned on his right to appeal the trial court's denial of his motion to suppress

evidence obtained during a search of his person. This Court affirms his convictions.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

[1] Although the Honorable Michelle J. Atkins signed the final order in this case, the
Honorable Jerrauld C. Jones signed the order denying appellant's motion to suppress.

BACKGROUND[2]

On September 22, 2021, after 4:00 p.m., Norfolk City Police Officers Curtis Anderson and Clayton Evancho were sitting in their patrol car on Tyler Street in Norfolk when they saw appellant walking in their direction. Officer Evancho noticed an "L-shaped" outline in the area around appellant's right pants pocket and suspected the outline was a possible firearm. Once appellant made eye contact with the officers, he made a "U-turn" and started walking away from them and toward the Lexington Park Apartments, where he lived. Appellant also pulled down his shirt and turned the right side of his body away from the officers' view.

The officers followed appellant in their patrol car. Appellant reached an unoccupied Porsche and entered the backseat behind the driver's side. The officers parked their patrol car next to the Porsche. Officer Evancho walked up to the right side of the vehicle, which had the windows down, and Officer Anderson approached the left side where appellant was seated. One of the officers asked appellant what he was doing; they then saw him reach toward the floorboard underneath the front seat and then reach for his right hip. "[A]t least three times" the officers instructed appellant, "Don't reach for it." But appellant continued to reach for that area and said, "It is not my gun. I'm not reaching for it." He also said the car did not belong to him.

Officer Evancho instructed Officer Anderson to remove appellant from the car. Officer Anderson grabbed appellant's left arm and removed him from the Porsche. After they pulled appellant from the car, he again insisted neither the gun nor the car belonged to him. Officer Evancho began to "pat-down" appellant, and a ".22 Chiappa revolver" fell from appellant's right pants leg onto the ground.

_____

[2] On appeal, this Court recounts the facts in the "'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Ray v. Commonwealth*, 74 Va. App. 291, 297 (2022) (quoting *Yerling v. Commonwealth*, 71 Va. App. 527, 530 (2020)).

At a suppression hearing on February 23, 2022, appellant moved to suppress the evidence obtained during the search, arguing that the officers lacked reasonable, articulable suspicion of illegal activity to justify stopping and detaining him. The trial court denied appellant's motion to suppress.

On April 5, 2022, appellant pleaded guilty conditioned on his right to appeal the denial of the motion to suppress. The trial court convicted appellant of carrying a concealed weapon and obstruction of justice. On June 3, the trial court sentenced appellant to 3 years' imprisonment with 2 years and 2 months suspended for the concealed weapon conviction; it suspended the entirety of the 12-month sentence for the obstruction of justice conviction. This appeal followed.

ANALYSIS

Appellant contends that the trial court erred in denying his motion to suppress because the officers did not have reasonable, articulable suspicion to stop and seize him.[3] His "claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that [this Court will] review *de novo* on appeal." *Daniels v. Commonwealth*, 69 Va. App. 422, 431 (2018) (quoting *Murphy v. Commonwealth*, 264 Va. 568, 573 (2002)). "When reviewing a denial of a motion to suppress evidence, an appellate court considers the evidence in the light most favorable to the Commonwealth and 'will accord the Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence.'" *Taylor v. Commonwealth*, 70 Va. App. 182, 186 (2019) (quoting *Sidney v. Commonwealth*, 280 Va. 517, 520 (2010)). On appeal, the burden therefore lies with appellant "to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error." *Daniels*, 69 Va. App. at 431 (quoting *Hill v. Commonwealth*, 68 Va. App. 610, 616-17 (2018)).

---

[3] He does not challenge the subsequent pat down.

"Under *Terry v. Ohio*, 392 U.S. 1, 88 (1968), and its progeny, a police officer 'may constitutionally conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot.'" *Bland v. Commonwealth*, 66 Va. App. 405, 413 (2016) (quoting *Beasley v. Commonwealth*, 60 Va. App. 381, 385 (2012)). "In reviewing whether an officer possessed reasonable, articulable suspicion sufficient to justify a seizure, a reviewing court must consider 'the totality of the circumstances—the whole picture.'" *Mitchell v. Commonwealth*, 73 Va. App. 234, 247 (2021) (quoting *United States v. Sokolow*, 490 U.S. 1, 8 (1989)). While "a mere hunch" is not enough, "the level of suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause." *Id.* at 246-47 (quoting *Bland*, 66 Va. App. at 413).

The standard for "whether the conduct of a police office is reasonable 'is judged from the perspective of a[n objectively] reasonable officer on the scene allowing for the need of split-second decisions and without regard to the officer's [subjective] intent or motivation.'" *McArthur v. Commonwealth*, 72 Va. App. 352, 360 (2020) (alteration in original) (quoting *Thompson v. Commonwealth*, 54 Va. App. 1, 7 (2009)). This standard "permits an officer 'to view the circumstances confronting him in light of his training and experience.'" *Hill*, 68 Va. App. at 619 (quoting *Atkins v. Commonwealth*, 57 Va. App. 2, 19 (2010)).

Under the totality of the circumstances here, the officers had reasonable suspicion justifying their stop of appellant. First, as soon as appellant made eye contact with the officers, he immediately made a "U-turn," started walking away from them, and entered the backseat of a parked, unoccupied car that he admitted did not belong to him. *See Branham v. Commonwealth*, 283 Va. 273, 280 n.2 (2012) ("Nervous, evasive behavior is a pertinent factor in determining reasonable suspicion." (quoting *Whitfield v. Commonwealth*, 265 Va. 358, 362 (2003))).

Second, Officer Evancho suspected appellant had a possible weapon because he noticed an "L-shaped" outline in appellant's right pants pocket. Appellant also pulled his shirt down and turned the right side of his body away from the officers' view after he saw them, in an apparent attempt to conceal the outline. *See Andrews v. Commonwealth*, 37 Va. App. 479, 492 (2002) (holding that an officer had reasonable suspicion when, inter alia, he saw Andrews "had a heavy object in the center of his jacket and appeared to be trying to conceal it from the officer"). *Cf. Troncoso v. Commonwealth*, 12 Va. App. 942, 946 (1991) (holding that although Troncoso was carrying drugs and not a weapon, the "bulge" in his clothing and his "efforts to conceal it" gave the officer reasonable suspicion that Troncoso had a weapon).

Finally, appellant's actions in the car heightened the officers' suspicion. As the officers approached either side of the car, they saw appellant bend over and reach toward the floor and his right side. Those "furtive movements" toward the possible weapon and appellant's disregard of the officers' instructions further supported the officers' suspicion that appellant was engaged in criminal activity. *See Hill*, 68 Va. App. at 622; *see also Jones v. Commonwealth*, 52 Va. App. 548, 557 (2008). Before his removal from the car, appellant also admitted the car did not belong to him. Additionally, he confirmed the officers' suspicions that he had a gun when he said, "It is not my gun," just before they seized him from the car.[4] Based on the totality of the circumstances—and viewing those facts in the light most favorable to the Commonwealth—the officers had reasonable, articulable suspicion to then order appellant out of the car and detain him.

---

[4] "A person is not seized according to the Fourth Amendment until he submits to a police officer's show of authority." *Hill*, 68 Va. App. at 617 (citing *Cochran v. Commonwealth*, 258 Va. 604, 608 (1999)). Because appellant disregarded the officers' commands, he was not seized for Fourth Amendment purposes until the officers began to physically remove him from the car. *See id.* at 618 (finding appellant was not seized when he ignored detectives' commands but was seized once they "physically removed him from the vehicle and placed him in handcuffs").

CONCLUSION

This Court finds no error in the trial court's denial of appellant's motion to suppress the evidence because the totality of the circumstances gave the officers reasonable, articulable suspicion of appellant's criminal activity, justifying his detention. Therefore, this Court rejects appellant's arguments and affirms the convictions.

*Affirmed.*