COURT OF APPEALS OF VIRGINIA

Present:  Judge Annunziata, Senior Judge Duff and Judge Clements[*]
Argued at Alexandria, Virginia


ROBERT WEATHERS
                                          OPINION BY
v.    Record No. 1795-99-2      JUDGE ROSEMARIE ANNUNZIATA
                                          JUNE 20, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
                Robert G. O'Hara, Jr., Judge

        Steven Brent Novey (Hudson Law Office, on
        brief), for appellant.

        Marla Graff Decker, Assistant Attorney
        General (Mark L. Earley, Attorney General,
        on brief), for appellee.


    Appellant, Robert Weathers, was convicted of possession of

cocaine with intent to distribute and sentenced to twelve years

in prison, six years of which were suspended.  He contends the

trial court erred in denying his motion to suppress evidence.

We disagree and affirm.

                           FACTS

    When we review a trial court's denial of a motion to

suppress, we must view the facts in the light most favorable to

the Commonwealth, the prevailing party below, and grant to it

_____

        [*] Judge Jean H. Clements took part in the consideration of
this case by designation pursuant to Code § 17.1-400,
recodifying Code § 17-116.01.

all reasonable inferences that are fairly deducible from that evidence. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). On October 29, 1998, Lieutenant Alvin Pair of the Greensville County Sheriff's Department sent a confidential informant to Room 117 of the Dixie Motel in order to make a controlled purchase of cocaine. Pair searched the informant beforehand to determine that he had no drugs on his person and gave him a marked twenty dollar bill to use to purchase cocaine. Police surveillance was positioned outside the motel room while the informant knocked on the door. Robert Ferguson, a codefendant, opened the door, stepped outside the room, looked around, and allowed the informant to enter, closing the door after the informant was inside. Soon thereafter, Ferguson walked out of the room again and looked around, whereupon the informant exited the room, got into his car, drove a short distance away, and met the police. The informant gave the police the crack cocaine he had just purchased, and a search of his person established that he no longer had possession of the marked twenty dollar bill.

Pair and two other officers "immediately went back to Room 117." Pair knocked on the door. One of the occupants asked who was there. Pair identified himself and said, "Police, open the door." The immediate reply from inside the room was, "wait a minute." Pair then heard voices, movements and a commode being

- 2 -

flushed, whereupon he knocked on the door again.  Ferguson opened the door and, after he and Weathers exited the room and were placed in custody, the officers entered.  They searched the room and found cocaine located in and around the commode.  The marked bill was found on Weathers' person, together with additional cash and a single-edged razor.

On July 22, 1999, Weathers was tried for possession of cocaine with intent to distribute and was convicted on that charge.  This appeal followed.

## ANALYSIS

"'Ultimate questions of reasonable suspicion and probable cause' . . . involve questions of both law and fact and are reviewed de novo on appeal."  McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)).  In performing this Fourth Amendment analysis, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers."  Id. (citing Ornelas, 517 U.S. at 699).  Likewise, the determination of whether there was an improper seizure is subject to consideration de novo.  See id. In conducting this review, great deference is afforded the "peculiar fact finding capability of the trial court" because it

- 3 -

is "not limited to the stark, written record," but "has before it the living witnesses and can observe their demeanors and inflections."  Satchell v. Commonwealth, 20 Va. App. 641, 648, 460 S.E.2d 253, 256 (1995).

The touchstone of a Fourth Amendment analysis is reasonableness under the facts and circumstances of the case. See Pierson v. Commonwealth, 16 Va. App. 202, 204, 428 S.E.2d 758, 760 (1993) (citing Michigan v. Long, 463 U.S. 1032, 1051 (1983)) (additional citation omitted).  Because a warrantless entry and search of a motel room is presumptively unreasonable, see Shannon v. Commonwealth, 18 Va. App. 31, 33, 441 S.E.2d 225, 226 (1994), aff'd, 19 Va. App. 145, 449 S.E.2d 584 (1994) (en banc), the Commonwealth has a heavy burden at trial to show that the warrantless entry was justified.  See Reynolds v. Commonwealth, 9 Va. App. 430, 435-36, 388 S.E.2d 659, 663 (1990) (citing Commonwealth v. Verez, 230 Va. 405, 410, 337 S.E.2d 749, 753 (1985)).  However, on appeal, the defendant has the burden to show the denial of a motion to suppress evidence constitutes reversible error.  See Motley v. Commonwealth, 17 Va. App. 439, 440-41, 437 S.E.2d 232, 233 (1993).

Weathers contends that by knocking on the door and stating, "Police, open the door," Pair "constructively entered" the motel room and seized Weathers and Ferguson.  We disagree.  No seizure can occur before the defendant is either physically seized or

- 4 -

complies with a police officer's show of authority.  See Cochran

v. Commonwealth, 258 Va. 604, 608, 521 S.E.2d 287, 289 (1999);

Woodson v. Commonwealth, 245 Va. 401, 404-05, 429 S.E.2d 27, 29

(1993).[1]  Thus, Weathers was not seized until Ferguson opened the

door and the two men stepped outside and were placed in custody.

Weathers further contends that the seizure that occurred

when Ferguson opened the door was unlawful because the door was

not opened voluntarily in response to the police command and

there were no "exigent circumstances" warranting such a seizure.

We agree that the door to the motel room was not voluntarily

opened in response to the police command, see Lugar v.

Commonwealth, 214 Va. 609, 610, 202 S.E.2d 894, 896 (1974), but

we do not agree that there were no exigent circumstances

warranting police entry at that time.  Accordingly, there being

exigent circumstances, the search and seizure which ensued were

lawful.

---

[1] Weathers contends that our decision in McGee, 25 Va. App.
193, 487 S.E.2d 259, implicitly recognized that a Fourth
Amendment seizure may occur before the defendant has submitted
to a show of authority by police.  Weathers mischaracterizes
McGee.  In that case, we held the defendant was seized when he
was approached by three police officers as he was sitting on a
porch and was told by the police that he matched the description
of a man reported to be selling drugs in the area.  The
defendant did not flee or resist, and there was no delay between
his initial contact with the police and the effectiveness of the
seizure.  Thus, he was not seized before he complied with the
police, because his compliance was immediate.

Whether Ferguson voluntarily opened the door is a question of fact to be determined from all the circumstances. Consent cannot be the product of coercion or duress. See Cosby v. Commonwealth, 6 Va. App. 193, 197-98, 367 S.E.2d 730, 733 (1988). Among the factors to be considered in determining whether a reasonable person under the circumstances would have believed he or she was not free to ignore the request of the officer are: "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language, or tone of voice indicating that compliance with the officer's request might be compelled." United States v. Mendenhall, 446 U.S. 544, 554 (1980) (emphasis added); see Baldwin v. Commonwealth, 243 Va. 191, 199, 413 S.E.2d 645, 649 (1992); see also United States v. Morales, 171 F.3d 978, 980 (5th Cir. 1999) (defendants were seized when they complied with police officers' knock on door, accompanied by the words "Fort Worth Police: open the door"; court considered the loudness of the officers' knocking, the tone and volume of voice used by the officers, and the authoritative manner of speaking).

Given the compelling nature of Pair's command, "Police, open the door," a reasonable person inside the motel room would not have felt free to ignore it. The encounter between the police and the occupants, therefore, cannot be construed as

- 6 -

consensual. However, no seizure occurred in this case until Ferguson complied with the officer's show of authority by opening the door. It is at this juncture that we must apply the Fourth Amendment analysis. See Cochran, 258 Va. at 608, 521 S.E.2d at 289; Woodson, 245 Va. at 404-05, 429 S.E.2d at 29; see also Morales, 171 F.3d at 983.

"[E]xigent circumstances that will justify a warrantless search include . . . the risk of loss or destruction of evidence." Hayes v. Commonwealth, 29 Va. App. 647, 656, 514 S.E.2d 357, 361 (1999) (citing Helms v. Commonwealth, 10 Va. App. 368, 371, 392 S.E.2d 496, 497 (1990)) (footnote omitted).

> [I]n determining whether exigent circumstances were sufficient to overcome the presumption of unreasonableness and justify a warrantless entry, the court must examine the circumstances as they reasonably appeared to the law enforcement officers on the scene. The officers are not required to possess either the gift of prophecy or the infallible wisdom that comes with hindsight. They must be judged by their reaction to circumstances as they reasonably appeared to trained law enforcement officers to exist when the decision to enter was made.

Verez, 230 Va. at 411, 337 S.E.2d at 753. At the moment Ferguson finally complied with Pair's command by opening the door, the officers had only minutes earlier obtained information from their informant that gave them probable cause to believe Weathers and Ferguson possessed illegal drugs and were

- 7 -

distributing them from the motel room.  Lieutenant Pair and his fellow officers had also just heard various noises from inside the room consistent with the destruction of evidence, in apparent reaction to Pair's command, "Police, open the door." Given this knowledge, the officers reasonably perceived exigent circumstances warranting their immediate entry of the motel room to search for drug evidence before such evidence might be irretrievably lost.  We will not require them "to possess either the gift of prophecy or the infallible wisdom that comes with hindsight," id., by holding that they should have waited to obtain a search warrant before entering the room to search for drug evidence.  Their immediate search was warranted, and we find no error.

Additionally, the police had probable cause, based on the evidence gleaned from the informant, to arrest Weathers and Ferguson for distribution of cocaine, and the officers' search of Weathers' person was made incident to his arrest.  The search was, therefore, valid, and the evidence obtained as a result was admissible at trial.  See Buck v. Commonwealth, 20 Va. App. 298, 304, 456 S.E.2d 534, 536-37 (1995).

For the foregoing reasons, we affirm the conviction.

Affirmed.