COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Humphreys


ANTHONY RAY STUBBS

                                      MEMORANDUM OPINION* BY
v.    Record No. 2368-00-1          JUDGE ROBERT J. HUMPHREYS
                                           OCTOBER 2, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Randolph T. West, Judge

          (Janice G. Murphy, on briefs), for appellant.
          Appellant submitting on briefs.

          (Mark L. Earley, Attorney General; Steven A.
          Witmer, Assistant Attorney General, on
          brief), for appellee.  Appellee submitting on
          brief.


     Anthony Ray Stubbs appeals his conviction, after a bench

trial, for possession of heroin with intent to distribute.

Stubbs argues that the trial court erred in denying his motion

to suppress evidence against him, which he alleges was obtained

in violation of his Fourth Amendment rights.

     At 3:10 p.m. on March 15, 2000, Newport News Detective

Darlene Best received a telephone call from a known confidential

informant.  Best knew the informant from arresting him/her on a

prior occasion for a felony charge, and from speaking to the

individual about illegal narcotics activity in the city, as well

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

as about known drug dealers and users in the area.  Best knew the name of the informant, as well as the informant's address.  However, this was the first occasion on which the informant had worked with the police department in this capacity.  The informant was paid for the information provided.

The informant told Best that Stubbs was in possession of approximately two bundles of heroin and that he could be found walking back and forth between 23rd and 28th Streets on Chestnut Avenue.  Best, a member of the Vice Unit for five years, knew Stubbs and knew him to be involved with heroin distribution.  Best also knew the area of Chestnut Avenue and 23rd Street to be one of the city's largest open-air drug markets.

Detective Best and Detective D.E. Flythe drove to Chestnut Avenue in an unmarked vehicle.  Both detectives were in plain clothes, although they wore raid vests displaying the word "Police," and their badges.

Best and Flythe immediately observed Stubbs walking in the street at the 1100 block of 22nd Street.  When they first approached Stubbs in their vehicle, he was walking toward them.  Once he noticed the vehicle, however, he began to pick up his pace to a "slight jog."  Detective Best stopped the vehicle.  Flythe got out and said, "Police, Mr. Stubbs, I need to talk to you."  At that point, Stubbs began to sprint away from the vehicle.  Detective Best put the vehicle in reverse to follow Stubbs, and Flythe followed on foot.  While running after

-

Stubbs, Detective Flythe's gun, which had previously been holstered, fell to the ground.

Both detectives observed Stubbs make a throwing motion away from his body.  Flythe then tackled Stubbs, placed him in custody, and read him his Miranda rights.  The detectives recovered twenty-two bags of heroin from the vicinity where they observed Stubbs make the throwing motion.

At the police station, Stubbs told Sergeant P.B. Swartz that he did not know how many bags of heroin he had, but that he knew it was more than a bundle (ten bags of heroin).  When asked by Sergeant Swartz if he used heroin, Stubbs replied, "No."

Prior to trial, Stubbs moved to suppress the evidence against him, arguing that there was no "probable cause to have stopped him."  After hearing evidence, the trial court denied the motion.  Stubbs was convicted of possession of heroin with intent to distribute and sentenced to 25 years in prison, with 15 years suspended.

Although we are bound to review de novo the ultimate questions of reasonable suspicion and probable cause, factual findings are binding on appeal unless plainly wrong.  See McGee v. Commonwealth, 25 Va. App. 193, 198 n.1, 487 S.E.2d 259, 261 n.1 (1997) (en banc).  Further, on appeal, the burden is upon the appellant to show that the denial of the motion to suppress constitutes reversible error.  See Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980).

-

Stubbs argues that Detectives Best and Flythe lacked reasonable suspicion to stop him, as well as probable cause to arrest him, because they failed to adequately investigate and determine the reliability of the information provided by the new informant prior to seizing him. Stubbs also contends that the detectives acted in an "aggressive, provocative manner . . . designed to instigate his flight, and thereby to provide the detectives with [reasonable suspicion] to render their otherwise unlawful stop[,] lawful . . . ." We disagree. The issue here is not the degree of police suspicion provided by the informant, but the reasonableness of suspicion held by the detectives at the time Stubbs was actually seized.

Stubbs correctly states the premise that "[a] person has been 'seized' within the meaning of the Fourth Amendment <u>only</u> <u>if</u>, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." <u>Woodson v. Commonwealth</u>, 245 Va. 401, 405, 429 S.E.2d 27, 29 (1993) (quoting <u>United States v. Mendenhall</u>, 446 U.S. 544, 554 (1980)). However, "[i]n seeking to rely upon that test here, [Stubbs] fails to read it carefully. It says that a person has been seized 'only if,' not that he has been seized 'whenever'; it states a <u>necessary</u>, but not a <u>sufficient</u>, condition for seizure — or, more precisely, for seizure effected

-

through a 'show of authority.'"  California v. Hodari D., 499

U.S. 621, 628 (1991) (quoting Mendenhall, 446 U.S. at 554).

Indeed,

> the word "seizure" readily bears the meaning
> of a laying on of hands or application of
> physical force to restrain movement, even
> when it is ultimately unsuccessful.  ("She
> seized the purse-snatcher, but he broke out
> of her grasp.")  It does not remotely apply,
> however, to the prospect of a policeman
> yelling 'Stop, in the name of the law!' at a
> fleeing form that continues to flee.  That
> is no seizure.

Id. at 626.  "An arrest requires either physical force . . . or,

where that is absent, submission to the assertion of authority."

Id.; see also Weathers v. Commonwealth, 32 Va. App. 652, 658,

529 S.E.2d 847, 850 (2000).  Accordingly, because Stubbs did not

submit to Flythe's command and/or "show of authority," and

instead, ran, Stubbs was not seized when Flythe ordered him to

stop.

The ramifications of this are three-fold.  First, when

Stubbs discarded the heroin during his flight and prior to his

seizure, he effectively abandoned it and any Fourth Amendment

interest he might have had in it, making the drugs admissible in

the proceeding against him.  See Smith v. Commonwealth, 12 Va.

App. 1100, 1104, 407 S.E.2d 49, 52 (1991) ("Contraband abandoned

during flight is admissible into evidence if an accused has not

been previously seized.").  Furthermore, when Stubbs took

flight, he provided the detectives with the requisite reasonable

-

suspicion of criminal activity that justified his ultimate seizure for investigative purposes.  See Illinois v. Wardlow, 528 U.S. 119, 124 (2000) (holding a subject's presence in a high crime area and subsequent, unexplained flight from police officer, provided reasonable suspicion to justify a brief investigatory stop of the subject).  Finally, once the detectives discovered the abandoned heroin, they had probable cause to arrest him and take his statement.  See Beck v. Ohio, 379 U.S. 89, 91 (1964) (holding the standard for arrest is probable cause sufficient to warrant a prudent man in believing that a suspect had or was committing an offense).

We do not address Stubbs' argument on appeal that the detectives provoked his flight and abandonment of the drugs, as the record demonstrates Stubbs failed to raise this argument before the trial court.  See Rule 5A:18.  Accordingly, we affirm the judgment below.

Affirmed.

-