COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Frank and Powell
Argued at Chesapeake, Virginia


KEREL MAURICE BELL

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2807-08-1                      JUDGE ROBERT P. FRANK
                                                    SEPTEMBER 22, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                          Wilford Taylor, Jr., Judge

            Charles E. Haden for appellant.

            Eugene Murphy, Senior Assistant Attorney General (William C. Mims,
            Attorney General, on brief), for appellee.


        Kerel Maurice Bell, appellant, was convicted in a bench trial of possession of cocaine with

intent to distribute, in violation of Code § 18.2-248, and possession of marijuana, in violation of

Code § 18.2-250.1. On appeal, he contends the trial court erred in denying his motion to suppress.

Specifically, he argues he was subject to an illegal strip search. For the reasons that follow, we

affirm.

                                    BACKGROUND

        Under well-established principles of appellate review, we view the evidence and all

reasonable inferences deducible from that evidence in the light most favorable to the

Commonwealth, the party prevailing below. Banks v. Commonwealth, 41 Va. App. 539, 543,

586 S.E.2d 876, 877 (2003). So viewed, on June 2, 2007, during daylight hours, appellant was a

passenger in a vehicle that was stopped by Hampton police officers Viney and Clark. The stop

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

took place in front of a market that was open for business. People were entering and leaving the store at the time. Clark spoke with the driver, and Viney spoke with appellant. After a drug dog alerted to the vehicle, police handcuffed both the driver and appellant and placed them in investigative detention. A search of the vehicle produced no contraband.

Officer Clark then began to search appellant.[1] Clark noticed "an unnatural bulge in the buttock region of [appellant's] pants." Clark believed it to be consistent with narcotics and asked appellant to remove the item. Appellant refused. Clark reached in between appellant's pants and underwear and attempted to remove the item, but was unsuccessful.

Officer Viney then searched appellant and "felt an unnatural object in between [his] legs." Viney repeatedly asked appellant to remove the item, but appellant became loud and uncooperative. At that point, Officers Bradford, Boone, and Boyd had arrived. Viney undid appellant's belt and pulled his pants below his buttock area. Appellant was standing in the doorjamb of the vehicle, and the officers stood around him to block others from seeing him. Appellant continued to be disruptive and uncooperative.

Once Viney moved appellant's pants below his buttocks, he could see a bulge in appellant's underwear. Viney could not remove the item, so he used a knife to make a small incision, approximately one to one and one-half inches, in a pocket located in appellant's underwear and retrieved marijuana and cocaine. Officers neither removed nor lowered appellant's underwear, nor did they reach inside his boxer shorts. Viney then pulled up appellant's pants and placed appellant in a police vehicle.

---

[1] Appellant does not contest the legality of his detention or the legality of the original search that revealed the bulge.

Appellant filed a motion to suppress, arguing he had been subjected to an illegal strip search. The court, finding that no strip search had occurred, overruled appellant's motion and found appellant guilty as charged.

This appeal follows.

ANALYSIS

Appellant argues on appeal that he was subjected to an unreasonable strip search because police had no clear indication that evidence would be found during a search of his body. See generally Hughes v. Commonwealth, 31 Va. App. 447, 524 S.E.2d 155 (2000) (*en banc*). "On appeal from a denial of a suppression motion, we must review the evidence in the light most favorable to the Commonwealth, giving it the benefit of any reasonable inferences." Slayton v. Commonwealth, 41 Va. App. 101, 103, 582 S.E.2d 448, 449 (2003).

"'Ultimate questions of reasonable suspicion and probable cause' . . . involve questions of both law and fact and are reviewed *de novo* on appeal." McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)). Under this Fourth Amendment analysis, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." Id. (citing Ornelas, 517 U.S. at 699). We give great deference to the trial court's fact-finding capability, as it is "not limited to the stark, written record", but "has before it the living witnesses and can observe their demeanors and inflections." Weathers v. Commonwealth, 32 Va. App. 652, 658, 529 S.E.2d 847, 850 (2000) (quoting Satchell v. Commonwealth, 20 Va. App. 641, 648, 460 S.E.2d 253, 256 (1995)).

"The Fourth Amendment prohibits only 'unreasonable searches and seizures,' not reasonable ones." King v. Commonwealth, 49 Va. App. 717, 723, 644 S.E.2d 391, 394 (2007)

(quoting Anderson v. Commonwealth, 20 Va. App. 361, 363, 457 S.E.2d 396, 397 (1995)). The ultimate issue in this case is whether the police conducted a strip search. Appellant claims that he was subjected to an unreasonable strip search. The Commonwealth responds that no strip search occurred, and the trial court ruled that no strip search occurred.

We have previously defined a "strip search" as "an inspection of a naked individual, without any scrutiny of his body cavities." Kidd v. Commonwealth, 38 Va. App. 433, 446, 565 S.E.2d 337, 343 (2002).[2]

In Kidd, a police officer testified that he pulled Kidd's sweatpants and underwear away from Kidd's body. The officer also stated that he could see Kidd's genitals when he conducted the search. Id. at 441, 565 S.E.2d at 341. We found that Kidd was subjected to a strip search. Id. at 445, 565 S.E.2d at 343. In Hughes v. Commonwealth, 31 Va. App. 447, 524 S.E.2d 155 (2000), Hughes was subjected to a strip search, a visual body cavity search, and a manual body cavity search. We held that "[h]aving Hughes disrobe and looking into his underwear for drugs was a strip search of his person within the purview of the Fourth Amendment." Id. at 455, 524 S.E.2d at 159. By contrast, in McCloud v. Commonwealth, 35 Va. App. 276, 544 S.E.2d 866 (2001), although a police officer pulled appellant's underwear away from his body, he did not see appellant's genitals. We found that McCloud was not subjected to a strip search. Id. at 284, 544 S.E.2d at 869.

The facts in this case are analogous to those in McCloud. Appellant was not naked at any time during his encounter with police. Neither his genitals nor his buttocks were exposed.

---

[2] Appellant asserted at trial and on brief that Code § 19.2-59.1 gives a legislative definition of a strip search, but that definition applies only to that code section, not to felonies. Appellant's motion to suppress was based not on that section, but on an alleged Fourth Amendment violation. "[I]t is clear from the plain language of the statute that the legislature did not intend to have the definition apply outside of the scope of Code § 19.2-59.1." McCloud v. Commonwealth, 35 Va. App. 276, 282, 544 S.E.2d 866, 868 (2001). Further, appellant conceded on brief that he was not subject to the provisions of § 19.2-59.1.

Officer Viney saw appellant's underwear when he removed the marijuana and cocaine, but appellant's underwear was never removed. There was no visual or manual inspection of appellant's genitals or buttocks. Viney's actions do not constitute a strip search. Therefore, we need not decide whether police had a clear indication that a search of appellant's body would produce evidence.

Appellant gave testimony that conflicted with the officers' version of events. Appellant claimed that Officer Viney inspected his buttocks. Appellant also claimed that his genitals and anal area were exposed during the search. However, as in McCloud, the trial court rejected appellant's testimony, accepted the Commonwealth's evidence, and resolved that factual issue in favor of the Commonwealth. The credibility of the witnesses and the weight to be accorded their testimony are matters within the sole province of the trial court, who, as the fact finder, has the opportunity to see and hear the witnesses, to observe their demeanor, and to weigh their explanation of events. Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Here, the trial court found that no strip search occurred, and the evidence supports that finding.

Because no strip search occurred, the trial court did not err in denying appellant's motion to suppress. Accordingly, we affirm the judgment of the trial court.

Affirmed.