UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Alston, McCullough and Huff
Argued at Alexandria, Virginia


DANIEL JAMES SANTOS

MEMORANDUM OPINION[*] BY

v.        Record No. 1133-12-4        JUDGE GLEN A. HUFF
MAY 21, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
Jeffrey W. Parker, Judge

Kevin J. Gerrity, Senior Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

Aaron J. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Daniel James Santos ("appellant") appeals his conviction of possession of a Schedule I or II

substance, in violation of Code § 18.2-250.  Following a bench trial in the Circuit Court of

Rappahannock County ("trial court"), appellant was convicted and sentenced to one year in the

Department of Corrections, with the entire time suspended.  On appeal, appellant argues that the

trial court erred in denying appellant's motion to suppress both the physical evidence and

appellant's statements, finding that the search of appellant's vehicle was not in violation of

appellant's Fourth Amendment rights.  For the following reasons, this Court affirms the judgment of

the trial court.

I.  BACKGROUND

"On appeal from a trial court's denial of a motion to suppress, we must review the evidence

in the light most favorable to the Commonwealth, granting to the Commonwealth all reasonable

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

inferences fairly deducible from it." Sabo v. Commonwealth, 38 Va. App. 63, 69, 561 S.E.2d 761, 764 (2002) (citing Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991)). "On appeal, we consider the entire record in determining whether the trial court properly denied appellant's motion to suppress." Patterson v. Commonwealth, 17 Va. App. 644, 648, 440 S.E.2d 412, 415 (1994) (citing DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 543 (1987)). So viewed, the evidence is as follows.

While driving on a rural road at night on August 3, 2011, Deputy William C. Ubben ("Ubben"), with the Rappahannock County Sheriff's Office, activated the emergency lights on his vehicle and pulled appellant's vehicle over for a faulty license plate tag light. Ubben, in uniform and displaying his badge of authority, approached appellant's vehicle, informed appellant that he pulled appellant over for a faulty tag light, and obtained appellant's driver's license and vehicle registration. Appellant then received permission to step out of the vehicle to examine the tag light. After appellant tapped the light and knocked off some dirt, the glow of the light became visible but "[i]t was very, very faint."

When appellant finished checking the light, Ubben returned to the front of his police vehicle and contacted the police dispatcher to check on the status of appellant's license and registration, which "came back clear" on both. Ubben walked back to appellant and told appellant that everything "came back clear," stated that he was not going to issue appellant a summons for the tag light, and gave appellant a warning that it needed to be fixed. Ubben then informed appellant that he was free to leave and to be careful pulling back out onto the road. At the conclusion of this conversation, Ubben turned around and walked back towards his police vehicle.

Upon reaching the front of his police vehicle, Ubben turned around and went back to speak with appellant, who had not driven away yet. Ubben explained that his lieutenant wanted him to search more vehicles and asked appellant if he could search appellant's vehicle if appellant had "a

few minutes to spare." Appellant agreed to the search. During the search, Ubben found a large white round pill in a console drawer. In response to Ubben's questions, appellant stated that the pill belonged to him, that it was prescription Percocet that he took for elbow pain, and that he did not have a prescription for Percocet. The laboratory analysis confirmed that the pill contained a Schedule II substance.

When Ubben finished searching the vehicle, another police officer arrived at the scene at which point they detained appellant. Ubben then read appellant his Miranda rights, and appellant continued to talk to the officers about the pill. Miranda v. Arizona, 384 U.S. 436, 471 (1966). At the conclusion of the conversation, appellant left freely.

Although Ubben could not testify "with any degree of certainty" as to when he returned appellant's driver's license to him, Ubben stated that he "believed" he returned the license and registration to appellant after he ran the initial check through police dispatch, and subsequently asked for the license back from appellant after he discovered the pill. At the suppression hearing, Ubben definitively declared that he returned the license to appellant "at some point during the stop." At trial, Ubben stated that when he removed his uniform at the end of the day, he discovered he had not returned appellant's license at the conclusion of the stop.[1] Ubben also testified that he was confident he would have returned the license when he returned the registration after completing the initial check through police dispatch and that appellant never asked for his license back.

On January 10, 2012, appellant filed a motion to suppress the evidence derived from the search of the vehicle, as well as any statements that appellant made after the narcotic was found in the vehicle, alleging that the search was unconstitutional. The trial court held a hearing on the motion to suppress on February 2, 2012, and denied it, finding that although justification for the

---

[1] The police department mailed the driver's license back to appellant after failed attempts to contact appellant.

stop ended when Ubben decided not to issue a summons, appellant consented to the subsequent search of his vehicle as there was no evidence that appellant "was coerced or somehow forced into giving free consent." The trial court specifically found that when Ubben asked appellant if he could search the vehicle, Ubben acted as if appellant would be doing him "a favor, [and] almost like a supplicant to some extent." The trial court, however, made no explicit finding as to whether Ubben returned appellant's license to appellant during the stop or whether appellant was seized at the time he gave his consent.

On March 12, 2012, the trial court found appellant guilty of possession of a Schedule I or II substance, but deferred the finding of guilt to determine whether appellant was eligible to have the charge dismissed pursuant to Code § 18.2-251. On June 7, 2012, the trial court determined that appellant was not eligible to be treated as a first time offender, found appellant guilty, and sentenced him to one year in prison, with all of the time suspended. This appeal followed.

## II. STANDARD OF REVIEW

In reviewing a trial court's denial of a motion to suppress, "[t]he burden is on the defendant to show that the denial of his suppression motion, when the evidence is considered in the light most favorable to the Commonwealth, was reversible error." McCain v. Commonwealth, 261 Va. 483, 490, 545 S.E.2d 541, 545 (2001) (citing Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980); Weathers v. Commonwealth, 32 Va. App. 652, 658, 529 S.E.2d 847, 850 (2000)). "'Ultimate questions of reasonable suspicion and probable cause to make a warrantless search' involve questions of both law and fact and are reviewed *de novo* on appeal." McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)). In making such a determination, we are "bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them

- 4 -

and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." Id. at 198, 487 S.E.2d at 261 (quoting Ornelas, 517 U.S. at 699).

## III. ANALYSIS

On appeal, appellant asserts that "[t]he single issue . . . is whether the search of the appellant's vehicle, to which the appellant gave his consent, was a violation of his Fourth Amendment rights." Specifically, appellant argues that Ubben lacked probable cause to lawfully detain appellant once he had determined not to issue a traffic summons, and the continued detention of appellant was an unlawful seizure that invalidated appellant's consent. Appellant asserts the continued detention was unlawful because Ubben retained appellant's driver's license and no reasonable person would have felt free to leave under the totality of the circumstances.

"The Fourth Amendment . . . protects 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" Johnson v. Commonwealth, 26 Va. App. 674, 682, 496 S.E.2d 143, 147 (1998) (quoting U.S. Const. amend. IV). "Our analysis begins with the general rule that 'a search authorized by consent is wholly valid.' 'Consent loses its validity only if it is involuntary, or the product of a manipulative "exploitation" by the police of an earlier unconstitutional search or seizure.'" Ellis v. Commonwealth, 52 Va. App. 220, 226, 662 S.E.2d 640, 643 (2008) (citations omitted). When an individual "suffer[s] an illegal seizure, his consent to the search of his [effects is] tainted and ineffective to justify the search." Bolden v. Commonwealth, 263 Va. 465, 473, 561 S.E.2d 701, 705 (2002) (citing Florida v. Royer, 460 U.S. 491, 507-08 (1983)).

> "There is no 'litmus test' for determining whether an encounter is consensual or constitutes an illegal seizure. If, however, a reasonable person would not feel free to decline an officer's requests or would not feel free to leave, the encounter is not consensual and constitutes an illegal seizure under the Fourth Amendment."

Bandy v. Commonwealth, 52 Va. App. 510, 516, 664 S.E.2d 519, 522 (2008) (quoting Harris v. Commonwealth, 266 Va. 28, 32, 581 S.E.2d 206, 209 (2003)).  In determining whether a seizure has occurred,

> [v]arious factors have been identified as relevant . . . , including the threatening presence of a number of police officers, the display of weapons by officers, physical contact between an officer and a citizen, an officer's language or tone of voice compelling compliance, the retention of documents requested by an officer, and whether a citizen was told that he or she was free to leave.

Harris, 266 Va. at 32, 581 S.E.2d at 209.

"However, 'what constitutes a restraint on liberty prompting a person to conclude that he [or she] is not free to leave will vary, not only with the particular police conduct at issue, but also with the setting in which the conduct occurs.'"  Jones v. Commonwealth, 279 Va. 521, 529, 690 S.E.2d 95, 99-100 (2010) (alteration in original) (quoting Michigan v. Chesternut, 486 U.S. 567, 573 (1988)).  Furthermore, "[o]nce a person's freedom of movement is restricted through a seizure under color of law, the degree of police conduct necessary to maintain the seizure is less than was required to initiate it."  Watson v. Commonwealth, 19 Va. App. 659, 663, 454 S.E.2d 358, 361 (1995).  "Even when . . . a physical restraint of freedom is removed, the mere presence of police, insufficient in itself to create a seizure, is sufficient to continue a seizure absent some affirmative act which explicitly informs the detainee that he or she is free to leave."  Id. at 663-64, 454 S.E.2d at 361.  "The decision whether the encounter was consensual must be made based on the totality of the circumstances."  Harris, 266 Va. at 32, 581 S.E.2d at 209 (citing United States v. Mendenhall, 446 U.S. 544, 554 (1980)).

In the present case, the trial court did not err in holding that appellant voluntarily consented to the search as it was not accomplished subsequent to an unlawful seizure.  Although it is unclear when Ubben returned appellant's driver's license to him, the totality of the circumstances were such that would indicate to a reasonable person that the investigation of the traffic offense had concluded

and appellant was free to leave and disregard Ubben's subsequent request. Commonwealth v. Rice, 28 Va. App. 374, 381-82, 504 S.E.2d 877, 881 (1998) ("Certainly, the retention of the license is a factor to consider in determining if Rice's consent was freely and voluntarily given, but it is not dispositive of the question.").

After receiving verification that there were no outstanding warrants or issues with appellant's driver's license or vehicle registration, Ubben told appellant he was not going to issue appellant a summons and stated that appellant was free to leave and to be careful getting back onto the road. Ubben then walked away from appellant's vehicle towards his police vehicle. In the present case, Ubben's lawful detention of appellant based on the faulty equipment concluded at this point, and "'the detention supported by reasonable articulable suspicion ended.'" Harris, 266 Va. at 33, 581 S.E.2d at 210 (quoting Harris v. Commonwealth, 38 Va. App. 680, 687, 568 S.E.2d 385, 388 (2002)).

In turning to the ensuing encounter, it was a new encounter that proceeded on a consensual basis as a reasonable person would have felt free to decline Ubben's request or would have felt free to leave. After reaching the front of his police vehicle, Ubben turned around and returned to appellant's vehicle because appellant had not yet driven away. When he began talking with appellant again, Ubben informed appellant of his lieutenant's request that he conduct more searches, and asked appellant, in a supplicant manner, if he could search appellant's vehicle if he had a few minutes to spare. Appellant then consented to the search. During the exchange, Ubben made no show of physical force or authority, nor did he use any threatening language. Based on the totality of the circumstances, appellant's consent was freely and voluntarily given during a valid consensual encounter.

For the foregoing reasons, we hold that appellant voluntarily consented to the search of the vehicle subsequent to a consensual encounter, and the trial court did not err in denying the motion to suppress. Accordingly, we affirm appellant's conviction.

<u>Affirmed.</u>