COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Alston and Huff
Argued at Chesapeake, Virginia


DWAYNE YOUNG

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1466-12-1                      JUDGE GLEN A. HUFF
                                                    JULY 16, 2013

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                         Louis R. Lerner, Judge

            Crystina M. Kowalczyk (The O'Brien Law Firm, on brief), for
            appellant.

            Victoria Johnson, Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


       Dwayne Young ("appellant") appeals his conviction of aggravated malicious wounding,

in violation of Code § 18.2-51.2, and use of a firearm in the commission of a felony, in violation

of Code § 18.2-53.1. Following a jury trial in the Circuit Court of the City of Hampton ("trial

court"), the trial court convicted appellant and sentenced him to thirty years in prison. On

appeal, appellant argues that

            [t]he trial court erred when it found that [appellant] did not possess
            the requisite Fourth Amendment privacy interest (or standing) to
            make a motion to suppress the fruits of a warrantless search by law
            enforcement of the [hotel] room in which he was spending the
            night, when [appellant] testified that he was sharing the hotel room
            with the registered guest, his girlfriend, and that he had been
            invited to the room by this girlfriend and it was his intent to spend
            the night with her.

       For the following reasons, we affirm the judgment of the trial court.

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

"On appeal from a trial court's denial of a motion to suppress, we must review the evidence in the light most favorable to the Commonwealth, granting to the Commonwealth all reasonable inferences fairly deducible from it." Sabo v. Commonwealth, 38 Va. App. 63, 69, 561 S.E.2d 761, 764 (2002) (citing Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991)). "On appeal, we consider the entire record in determining whether the trial court properly denied appellant's motion to suppress." Patterson v. Commonwealth, 17 Va. App. 644, 648, 440 S.E.2d 412, 415 (1994) (citing DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 543 (1987)). So viewed, the evidence is as follows.

On January 26, 2010, appellant struck Antoine Maxwell ("Maxwell"), who had been walking down a street in the city of Hampton, in the head with a gun after another unknown male had stopped Maxwell and pointed a firearm at him. After Maxwell fell to the ground due to the blow, appellant and the unidentified male began beating and kicking Maxwell. Maxwell attempted to flee this initial attack and was again struck in the head with a handgun and fell to the ground. While Maxwell was on the ground, appellant and the unidentified male once more repeatedly beat and kicked Maxwell. Maxwell managed to get up and attempted to escape the second attack. As Maxwell was fleeing a second time, appellant shot Maxwell several times and left him lying in the middle of the street.

Shortly after appellant left the area, two individuals stopped and called an ambulance for assistance. Maxwell remained in a coma for three days while in the hospital and sustained several permanent injuries as a result of the attack, including the loss of a kidney, the loss of his left femur, which was replaced with a metal rod, and permanent scars on his abdomen. In speaking with the police and testifying at trial, Maxwell identified appellant as one of his

assailants because he knew appellant from previous social encounters as appellant was a fellow participant in a regular card game.

Between midnight and one o'clock in the morning on February 23, 2010, Newport News and Hampton police officers knocked on the door of Room 21 at a hotel in Newport News and announced, "Dwayne Young, we know you're in there, come out." Appellant immediately replied that he was opening the door and stepped out of the hotel room. Once he was outside of the room, the police officers arrested appellant based on an arrest warrant for an unrelated charge. During the subsequent search of the hotel room, police officers found, and removed, a Glock Model 23 .40 caliber semi-automatic firearm in a trash can in the room.[1] Subsequent testing of the firearm established that the cartridge casings recovered from the scene of the January 26, 2010 shooting were fired from the firearm taken from the hotel room.

On March 18, 2011, appellant filed a motion to suppress the firearm and any additional evidence found with the firearm on the grounds that the officer lacked a valid search warrant and the consent was invalid or did not exist. At the suppression hearing on September 8, 2011, appellant testified for the limited purpose of standing.[2] Appellant stated that he was at the hotel on February 22, 2010, with his girlfriend, Shanea Whiting ("Whiting"), who had rented the hotel room in her name and had invited appellant to join her at the hotel. Appellant further testified that he and Whiting were not married to each other nor was Whiting married to anyone else.

---

[1] The basis for the search of the hotel room was not established during trial. The only evidence in the record is appellant's challenge made in his March 18, 2011 motion to suppress regarding the validity of the Commonwealth's claim that "the search was pursuant to the consent of a third party in the room."

[2] See Chesson v. Commonwealth, 216 Va. 827, 829, 223 S.E.2d 923, 925 (1976) ("'[W]hen a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection.'" (quoting Simmons v. United States, 390 U.S. 377, 394 (1968))).

Appellant arrived at the hotel room around 9:00 p.m. with the intent of spending the night there with Whiting.

After hearing the evidence and arguments, the trial court denied appellant's motion to suppress on the grounds that appellant did not meet his burden of establishing his standing.[3] On April 24, 2012, the jury found appellant guilty, and the trial court sentenced him on July 18, 2012. This appeal followed.

## II. STANDARD OF REVIEW

In reviewing a trial court's denial of a motion to suppress, "[t]he burden is on the defendant to show that the denial of his suppression motion, when the evidence is considered in the light most favorable to the Commonwealth, was reversible error." McCain v. Commonwealth, 261 Va. 483, 490, 545 S.E.2d 541, 545 (2001) (citing Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980); Weathers v. Commonwealth, 32 Va. App. 652, 658, 529 S.E.2d 847, 850 (2000)). On appeal, we review "*de novo* the trial court's application of defined legal standards such as whether a defendant had a reasonable expectation of privacy sufficient to permit him to raise a Fourth Amendment challenge to a search." Sharpe v. Commonwealth, 44 Va. App. 448, 454, 605 S.E.2d 346, 349 (2004) (citing United States v. Gordon, 168 F.3d 1222, 1225 (10th Cir.

---

[3] Although appellant asserts, as did the trial court, that the issue is standing, this Court has previously noted that,

> [a]lthough many courts "characterize this as a question of 'standing,' the Supreme Court expressly rejected a standing analysis in Rakas v. Illinois, 439 U.S. 128, 143 (1978)." Gordon, 168 F.3d at 1225 n.2. The Court has held that, "in order to determine whether a defendant is able to show the violation of his (and not someone else's) Fourth Amendment rights, the 'definition of those rights is more properly placed within the purview of substantive Fourth Amendment law than within that of standing.'"

Sharpe v. Commonwealth, 44 Va. App. 448, 455 n.2, 605 S.E.2d 346, 349 n.2 (2004) (quoting Minnesota v. Carter, 525 U.S. 83, 88 (1998)).

- 4 -

1999)).  Furthermore, we are "bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers."  McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (quoting Ornelas v. United States, 517 U.S. 690, 699 (1996)).

## III.  ANALYSIS

On appeal, appellant asserts that the trial court erred in denying appellant's motion to suppress on the basis that he lacked a reasonable expectation of privacy at the time and place searched, and thus lacked the ability to challenge the search on Fourth Amendment grounds. Appellant specifically asserted that he had a privacy interest based on his testimony that "he was sharing the hotel room with the registered guest, his girlfriend, and that he had been invited to the room by this girlfriend and it was his intent to spend the night with her."

"The Fourth Amendment . . . protects 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'"  Johnson v. Commonwealth, 26 Va. App. 674, 682, 496 S.E.2d 143, 147 (1998) (quoting U.S. Const. amend. IV).  "At a hearing on a defendant's motion to suppress evidence allegedly obtained in violation of the Fourth Amendment, the defendant has the burden of proving he had a reasonable expectation of privacy in the place searched."  Sharpe, 44 Va. App. at 455, 605 S.E.2d at 349 (citing Barnes v. Commonwealth, 234 Va. 130, 135, 360 S.E.2d 196, 200 (1987)).  Stated more succinctly,

> in order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable; i.e., one that has "a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society."

- 5 -

Minnesota v. Carter, 525 U.S. 83, 88 (1998) (quoting Rakas v. Illinois, 439 U.S. 128, 143-44, 144 n.12 (1978)).

"It is a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable." Payton v. New York, 445 U.S. 573, 586 (1980). "In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." Id. at 590. "'The Fourth Amendment rights of a guest in a motel room are equivalent to those of the rightful occupant of a house,' the warrantless entry of which is presumed unreasonable." Sharpe, 44 Va. App. at 455, 605 S.E.2d at 350 (quoting Servis v. Commonwealth, 6 Va. App. 507, 514, 371 S.E.2d 156, 159 (1988)).

> The United States Supreme Court has held that an overnight guest in a house has the same sort of expectation of privacy that the Fourth Amendment protects, Minnesota v. Olson, 495 U.S. 91, 98-100 (1990), whereas "one who is merely present with the consent of the householder [does] not," []Carter, 525 U.S. [at] 90[]. It has also held that one who is present on residential premises only briefly and for a strictly commercial rather than personal purpose cannot demonstrate a legitimate expectation of privacy in those premises.

Id. at 455-56, 605 S.E.2d at 350 (first alteration in original). In so holding, the Supreme Court addressed society's recognition of the expectation by stating the following in Olson:

> From the overnight guest's perspective, he seeks shelter in another's home precisely because it provides him with privacy, a place where he and his possessions will not be disturbed by anyone but his host and those his host allows inside. We are at our most vulnerable when we are asleep because we cannot monitor our own safety or the security of our belongings. It is for this reason that, although we may spend all day in public places, when we cannot sleep in our own home we seek out another private place to sleep, whether it be a hotel room, or the home of a friend. Society expects at least as much privacy in these places as in a telephone booth – "a temporarily private place whose momentary occupants'

> expectations of freedom from intrusion are recognized as reasonable."

495 U.S. at 99 (quoting Katz v. United States, 389 U.S. 347, 361 (1967) (Harlan, J., concurring)).

As noted by this Court in Sharpe, whether a personal overnight guest of a registered hotel guest has a reasonable expectation of privacy in the place searched has not been addressed by the Supreme Court of the United States or Virginia appellate courts. 44 Va. App. at 456, 605 S.E.2d at 350. Although this Court noted the issue as well as the applicable law in Sharpe, we "assume[d] without deciding that an overnight guest of a motel registrant may assert a privacy interest in the motel room he is occupying." Id. at 457, 605 S.E.2d at 350. In the present case, we likewise assume without deciding that an overnight guest of a hotel registrant has a privacy interest in the room he is occupying, and hold that there is no evidence beyond appellant's assertions and presence in the room to establish that he was in the hotel room as an overnight guest of the registered occupant.

Although appellant claims that Whiting, his girlfriend, was the registered guest, no evidence established the specific identity of the registered occupant. Furthermore, although appellant asserts he intended to spend the night, there is no evidence establishing that Whiting actually intended for appellant to do so. In addition, there was no evidence that appellant had personal belongings in the room, that appellant was in bed when the officers arrived, the state of appellant's undress when he stepped out of the room, or if he had possession of a room key. Furthermore, no other evidence was offered supporting appellant's status as an overnight guest of the hotel registrant.

Accordingly, we hold that under the circumstances presented in this case, appellant's bald assertions, without more, are insufficient to prove appellant's status as an overnight guest and, at

most, indicate that appellant was present in the room for a period of time.[4]  See United States v. Reyes-Bosque, 596 F.3d 1017, 1026-27 (9th Cir. 2010) (holding that the defendant failed to establish his status as an overnight guest in a housing unit based on his "'bald assertion that he was an overnight guest . . . .'" (quoting United States v. Armenta, 69 F.3d 304, 308 (9th Cir. 1995))); Armenta, 69 F.3d at 308-09 (9th Cir. 1995) (holding the evidence – defendant's claim that he was an overnight guest in the home, the police officer's statement that the defendant had spent the night inside the home, the discovery of defendant's wallet, baptismal certificate, and social security card application in the home, and his attorney's declaration that another individual was going to testify that defendant was a guest and had run of the home – was insufficient to establish defendant was an "overnight guest" with the permission of his host as he asserted, but rather suggested that he was "'legitimately on the premises'").  Because appellant failed to establish a legitimate expectation of privacy in the hotel room, we hold that the trial court did not err in denying appellant's motion to suppress.

---

[4] See United States v. Carr, 939 F.2d 1442, 1446 (10th Cir. 1991) (holding defendant lacked a reasonable expectation of privacy since he failed to present any evidence that he was an overnight guest of the registered guest); State v. Carter, 681 S.E.2d 688, 690-91 (Ga. Ct. App. 2009) (holding defendant did not have reasonable expectation of privacy in the registered hotel guests room since he was merely an invitee or social guest and did not have dominion or control over the rooms); Armour v. State, 762 N.E.2d 208, 213-14 (Ind. Ct. App. 2002) (holding defendant lacked reasonable expectation of privacy where there was no evidence he was an invited guest by the registered guest but was merely present in the room); State v. Gonzalez, 85 P.3d 711, 714 (Kan. Ct. App. 2004) (holding defendant did not have a reasonable expectation of privacy in the motel room he occupied due to the lack of evidence that he was an invited overnight guest of the registered occupant); see also United States v. Baskin, 424 F.3d 1, 3 (1st Cir. 2005) (holding defendant failed to establish a reasonable expectation of privacy in the registered guest's hotel room); Lyons v. State, 942 So. 2d 247, 250 (Miss. Ct. App. 2006) (same); Owens v. State, 269 P.3d 1093, 1097-98 (Wyo. 2012) (holding defendant failed to demonstrate a reasonable expectation of privacy in his friend's motel room).

## IV.  CONCLUSION

For the foregoing reasons, this Court holds that the trial court did not err in denying appellant's motion to suppress and affirm appellant's convictions.

Affirmed.