UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and Lorish
Argued at Richmond, Virginia

JOHN RUSSELL THOMPSON, JR.

                                              MEMORANDUM OPINION[*] BY
v.      Record No. 1346-22-2             JUDGE RANDOLPH A. BEALES
                                                NOVEMBER 28, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HANOVER COUNTY
Joseph J. Ellis, Judge Designate[1]

John R. Working (The Railside Law Group, on brief), for appellant.

Suzanne Seidel Richmond, Assistant Attorney General (Jason S. Miyares, Attorney General, on brief), for appellee.


On April 4, 2022, following the trial court's denial of his motion to suppress the evidence, John Russell Thompson, Jr. entered a guilty plea under *North Carolina v. Alford*, 400 U.S. 25 (1970).[2]  The trial court accepted Thompson's plea and found him guilty of knowingly or intentionally possessing a Schedule I or II controlled substance.  On appeal, Thompson challenges the denial of his motion to suppress the evidence and several findings of the trial court.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] The Honorable Joseph J. Ellis presided at Thompson's sentencing hearing, while the Honorable J. Overton Harris presided at the hearing on Thompson's motion to suppress the evidence and the entry of Thompson's conditional guilty plea.

[2] For purposes of our analysis of Thompson's assignments of error and arguments in this case, we assume without deciding that Thompson properly entered a conditional guilty plea pursuant to Code § 19.2-254 and, therefore, preserved his right to appeal the trial court's denial of his motion to suppress the evidence.

## I. Background

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, [as] the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

Deputy P.T. Nguyen of the Hanover County Sheriff's Office testified that on the night of July 20, 2021, he and three other officers responded to a "disorderly call" involving a vehicle parked at an Exxon gas station. Deputy Nguyen encountered three individuals at the gas station who he believed were the occupants of the vehicle in question, including the man who had driven the vehicle, a female passenger, and Thompson. Deputy Nguyen testified that when he arrived on the scene, Thompson was not in the vehicle. During the ensuing investigation, the officers received information indicating that the driver of the vehicle had an outstanding felony warrant. The driver of the vehicle was then taken into custody, and the vehicle was eventually impounded.

Deputy Nguyen testified that Thompson, who was not the driver of the vehicle, was talking and walking back and forth around the parked vehicle during the investigation. While talking to Thompson, Deputy Nguyen noticed the top half of a liquid-filled syringe protruding from the right front pocket of Thompson's sweatpants. He observed Thompson use his hand to push the syringe down into his pocket. Later, the syringe came back up in Thompson's pocket and became partially visible again. Deputy Nguyen could not tell, however, whether there was a needle attached to the syringe at this point or whether the syringe was even capped. Deputy Nguyen testified that he became suspicious due to the presence of the syringe on Thompson's person, Thompson's refusal to

- 2 -

identify himself to the officers, and Thompson's failure to explain why the syringe was in his pocket. Deputy Nguyen further testified that he did not "want to get stabbed or get jabbed by the syringe."

Deputy Nguyen placed Thompson in handcuffs, read Thompson his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), and pulled the syringe out of Thompson's pocket. Deputy Nguyen asked Thompson about the contents of the syringe. Thompson replied that he did not know what was in the syringe and that the pants he was then wearing were not his. Thompson did not offer any explanation for why the syringe was in his pocket. The syringe was later sent off to the Department of Forensic Science for analysis, which determined that the liquid in the syringe contained Eutylone, a Schedule I controlled substance.

Thompson moved the trial court to suppress the evidence. He argued that the "search was not supported by probable cause" because "[a] syringe is an item that law-abiding citizens, on a daily basis, also use for legitimate purposes." Thompson relied on other cases involving items with legitimate purposes, such as a film canister, a hand-rolled cigarette, or paper currency, to support his contention that the syringe could not justify a search. At the hearing on Thompson's motion, the trial judge found that, before removing the syringe from Thompson's pocket, Deputy Nguyen "had no idea whether it [the syringe] had a needle attached or if it did whether the needle itself was in a cover to protect both the defendant and/or the officer." Acknowledging that Thompson was not required to identify himself to the officers, the trial judge noted that the presence of the syringe in Thompson's pocket "escalated the situation" because "[t]he difference between a syringe and a hand-rolled cigarette is you can't stab somebody with a hand-rolled cigarette. You can't stab them with a film canister." The trial judge, therefore, concluded that Deputy Nguyen had "reasonable facts which would raise in the mind a strong suspicion that a crime has been committed and that the person charged committed it." In addition, the trial judge found that Deputy Nguyen "certainly had

- 3 -

probable cause to seize the item [the syringe] at that point, and to protect himself he had adequate probable cause to take the defendant into protective custody and place handcuffs on him."

## II. ANALYSIS

In reviewing a trial court's denial of a motion to suppress, "[t]he burden is on the defendant to show that the denial of his suppression motion, when the evidence is considered in the light most favorable to the Commonwealth, was reversible error." *McCain v. Commonwealth*, 261 Va. 483, 490 (2001) (citing *Fore v. Commonwealth*, 220 Va. 1007, 1010, *cert. denied*, 449 U.S. 1017 (1980); *Weathers v. Commonwealth*, 32 Va. App. 652, 658 (2000)). "We review de novo the trial court's application of the law to the particular facts of the case." *Branham v. Commonwealth*, 283 Va. 273, 279 (2012) (citing *Glenn v. Commonwealth*, 275 Va. 123, 130 (2008)). Furthermore, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." *McGee v. Commonwealth*, 25 Va. App. 193, 198 (1997) (*en banc*) (citing *Ornelas v. United States*, 517 U.S. 690, 699 (1996)).

The Fourth Amendment protects citizens against "unreasonable searches and seizures." U.S. Const. amend. IV. "If a police officer has reasonable, articulable suspicion that a person is engaging in, or is about to engage in, criminal activity, the officer may detain the suspect to conduct a brief investigation without violating the person's Fourth Amendment protection against unreasonable searches and seizures." *McGee*, 25 Va. App. at 202 (citing *Terry v. Ohio*, 392 U.S. 1, 27 (1968)). A reasonable, articulable suspicion is "'a particularized and objective basis' for suspecting the person stopped of criminal activity." *Ornelas*, 517 U.S. at 696 (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)). Although reasonable, articulable suspicion must be more than an "unparticularized suspicion or 'hunch,'" *Bass v. Commonwealth*, 259 Va. 470, 475 (2000) (quoting *Terry*, 392 U.S. at 27), "[a] police officer conducting a stop is not required to

precisely and individually articulate the facts that added up to suspicion in his mind," *Hill v. Commonwealth*, 68 Va. App. 610, 619 (2018) (quoting *Mason v. Commonwealth*, 291 Va. 362, 369 (2016)).

"There is no 'litmus test' for reasonable suspicion. Each instance of police conduct must be judged for reasonableness in light of the particular circumstances." *Castaneda v. Commonwealth*, 7 Va. App. 574, 580 (1989) (citing *Terry*, 392 U.S. at 21). "In order to determine what cause is sufficient to authorize police to stop a person, cognizance must be taken of the 'totality of the circumstances—the whole picture.'" *Leeth v. Commonwealth*, 223 Va. 335, 340 (1982) (quoting *Cortez*, 449 U.S. at 417). "The possibility of an innocent explanation for the suspicious conduct does not necessarily forbid an officer from making a brief, investigatory stop." *Raab v. Commonwealth*, 50 Va. App. 577, 581 (2007) (citing *United States v. Arvizu*, 534 U.S. 266, 274 (2002)). "Reasonable suspicion 'need not rule out the possibility of innocent conduct.'" *Id.* (citing *Arvizu*, 534 U.S. at 277).

In his first assignment of error, Thompson argues, "The trial court erred in denying Appellant's Motion to Suppress Evidence." He contends that the seizure was unreasonable because Deputy Nguyen lacked reasonable, articulable suspicion that Thompson was engaged in criminal activity. In his second assignment of error, Thompson argues, "The trial court erred in not finding that the officer searched Appellant as a result of Appellant not identifying himself to the officer."[3]

Considering the totality of the circumstances, Deputy Nguyen had reasonable, articulable suspicion that Thompson was engaged in criminal activity. Deputy Nguyen testified that he and the

---

[3] At the hearing on Thompson's motion to suppress the evidence, the trial judge stated, "So he's [Deputy Nguyen's] confronted by someone who as a circumstance has refused to identify them self. No problem there, but I don't -- the evidence is not that as a result of the defendant not identifying himself he [Deputy Nguyen] then manufactured some excuse to search him [Thompson]. He [Deputy Nguyen] didn't escalate it." Therefore, the trial court properly found that Deputy Nguyen did not simply detain Thompson and remove the syringe from his sweatpants pocket merely because of Thompson's refusal to identify himself to the officers.

other officers responded to the Exxon gas station to investigate a report of disorderly conduct. However, during the course of the investigation, Deputy Nguyen noticed a syringe protruding from Thompson's front right pants pocket as Thompson was walking around and around the parked vehicle or, as Deputy Nguyen described, "walking around the car circling around walking back and forth." Deputy Nguyen could see the "top half of the syringe" sticking out of Thompson's pants pocket and observed that the syringe contained a liquid. At one point, Deputy Nguyen saw Thompson try to push the syringe down into his pants pocket so as to conceal it, but the syringe "came back up again later on." Given the totality of the circumstances, the trial court did not err in finding that there was reasonable, articulable suspicion that Thompson was in possession of a controlled substance. For the officers' safety, Deputy Nguyen placed Thompson in handcuffs because he was concerned that the syringe might have a needle that could be used as a weapon against him. Deputy Nguyen then removed the syringe from Thompson's pocket and, at that point, saw that the needle was exposed and uncapped. Thompson then denied knowing what liquid was in the syringe and also stated that the pants he was wearing — with the syringe sticking out of the pocket — were not his pants. By this point, Deputy Nguyen then also had probable cause that criminal activity was occurring and that Thompson was in possession of a controlled substance.[4]

*See Ornelas*, 517 U.S. at 700 (noting that "a police officer may draw inferences based on his own

---

[4] In his third assignment of error, Thompson argues, "The trial court erred in finding that the officer could see the object in Appellant's pocket was 'uncapped.'" In his fourth assignment of error, Thompson argues, "The trial court erred in finding that there is a 'defendant safety' exception to the warrant requirement of the United States Constitution's Fourth Amendment." In his fifth assignment of error, Thompson argues, "The trial court erred in finding that Appellant needed to explain his innocence after the Officer restrained Appellant's freedom to walk away by placing Appellant in handcuffs." However, the record clearly supports the trial court's determination that Deputy Nguyen had reasonable, articulable suspicion to detain Thompson and to remove the liquid-filled syringe from Thompson's pocket, given the potential threat to Deputy Nguyen's own safety and given Thompson's suspicious, furtive behavior with the syringe when he tried to conceal it.

experience in deciding whether probable cause exists" (citing *United States v. Ortiz*, 422 U.S. 891, 897 (1975))). Deputy Nguyen then arrested Thompson.

Here, given the totality of the circumstances and for officer safety, Deputy Nguyen was entitled to seize dangerous items like the liquid-filled syringe, which could have endangered the safety of Deputy Nguyen, Thompson, and others. This Court has held that "actions by an individual prior to a seizure 'may both crystallize previously unconfirmed suspicions of criminal activity and give rise to legitimate concerns for officer safety,' thereby permitting detention and a limited search for weapons." *Hill*, 68 Va. App. at 620 (quoting *Jones v. Commonwealth*, 52 Va. App. 548, 562 (2008)). As the trial court correctly pointed out, a syringe is not necessarily "an innocent item" like a hand-rolled cigarette or a film canister. In short, the trial court did not err in denying Thompson's motion to suppress the evidence.

### III. CONCLUSION

For all of the foregoing reasons, we do not disturb the trial court's judgment, and we affirm Thompson's conviction.

*Affirmed.*